OPINION
{¶ 1} Plaintiff-appellant, State of Ohio ("appellant"), appeals from the October 5, 2004 judgment entry of the Franklin County Court of Common Pleas granting the motion for judicial release filed by defendant-appellee, Gerald Hunt, III ("appellee").
 {¶ 2} Appellee and Heather Hill ("Hill"), had been in a relationship for three years. On April 29, 1998, approximately one month after the breakup between Hill and appellee, Hill went to court to testify on appellee's behalf in a proceeding related to a traffic offense. After the proceeding, appellee asked Hill for a ride to his car. Hill obliged, however, when they arrived at the location where appellee claimed he had parked, his car was not there. At this time, appellee became angry and threatened to kill himself. Hill tried to leave the car and begged appellee to let her go, but he refused. When Hill attempted to attract attention to the car by screaming and setting off her car alarm, appellee struck Hill's nose against the steering wheel, took control over the vehicle and drove away. Appellee drove to his mother's house and forced Hill into the residence. After entering the residence, appellee led Hill to a bedroom and forced vaginal intercourse. Afterward, appellee and Hill drove to appellee's car. When appellee left, Hill went to the emergency room and filed a police report. On May 8, 1998, appellee was indicted by a Franklin County Grand Jury.
 {¶ 3} On January 6, 1999, defendant pled guilty to the stipulated lesser-included offense of count one of the indictment, kidnapping, and to the stipulated lesser-included offense of count two, rape; both of which are felonies of the first degree. On February 9, 1999, defendant was sentenced to serve four years on each count, and the sentences were to run consecutively to each other. In addition, appellee was classified a sexually oriented offender.
 {¶ 4} On April 3, 2000, appellee filed a motion for his sentences to run concurrently. The trial court denied said motion. Appellee filed a motion for judicial release on June 24, 2004. The trial court granted appellee's motion for judicial release in an entry filed on October 5, 2004. Appellant timely filed a notice of appeal on October 29, 2004. On November 5, 2004, the trial court filed an amended entry that added some additional language.
 {¶ 5} Appellant raises the following assignments of error on appeal:
FIRST ASSIGNMENT OF ERROR.
The trial court failed to make the requisite statutory findings under R.C. 2929.20(H) to support its order for judicial release.
SECOND ASSIGNMENT OF ERROR.
The trial court abused its discretion by granting defendant's motion for judicial release.
 {¶ 6} We first consider whether the trial court's November 5, 2004 amended entry is legally cognizable. After appellant filed its notice of appeal on October 29, 2004, the trial court filed an amended entry. The amended entry changed only one sentence in the three-page entry. In paragraph five of the October 5, 2004 entry, the trial court stated:
The Court finds that a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations because the applicable factors indicating a greater likelihood of recidivism.
 {¶ 7} In paragraph five of the November 5, 2004 amended entry, the trial court stated:
The Court finds that a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism.
 {¶ 8} Appellee argues that the trial court left out some of the required language by mistake and that pursuant to Crim.R. 36, "clerical mistakes in judgments, orders, or other parties of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Therefore, it is appellee's position that the amended entry is in full accordance with the law and the trial court should be affirmed. However, the question before us is whether the trial court had jurisdiction to amend the entry from which appellant appealed.
 {¶ 9} Generally, "when a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment." State v.Bowman (2003), Franklin App. No. 02AP-1025, 2003-Ohio-5341 ¶ 18, citingYee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, citing In reKurtzhalz (1943), 141 Ohio St. 432, paragraph two of the syllabus.
 {¶ 10} In Bowman, during the sentencing hearing, the trial court orally pronounced the defendant a sexual predator. However, in the August 20, 2002 sentencing entry, the trial court classified the defendant as a sexually oriented offender, not a sexual predator. The State filed its appeal on September 18, 2002. On September 20, 2002, the trial court filed a corrected judgment entry classifying the defendant as a sexual predator. In Bowman, this court found that because the court's corrected entry was inconsistent with this court's jurisdiction to reverse, modify, or affirm the appealed August 20, 2002 judgment entry, the trial court did not have jurisdiction to impose a new determination of sexual predator in its September 20, 2002 corrected entry.
 {¶ 11} As in Bowman, the trial court's November 5, 2004 amended entry, which was filed after appellant filed its notice of appeal, is inconsistent with this court's jurisdiction to reverse, modify, or affirm the October 5, 2004 entry from which appellant appealed. Therefore, we must conclude that the trial court's November 5, 2004 amended entry is a legal nullity. Consequently, we confine our review to the trial court's October 5, 2004 entry.
 {¶ 12} In the first assignment of error, appellant argues that the trial court failed to make the findings required by R.C. 2929.20(H), which states:
(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12
of the Revised Code, finds both of the following:
(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
(2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.
 {¶ 13} A review of the record shows that the trial court failed to make the requisite findings. Not only does the language of the October 5, 2004 entry not meet the requirements of R.C. 2929.20(H)(1)(a), nowhere in the record does the trial court address any of the R.C. 2929.12
factors. R.C. 2929.20 explicitly requires that when granting judicial release to an eligible offender imprisoned for a felony of the first degree, the court shall specify both findings required by R.C.2929.20(H)(1) "and also shall list all the factors described in that division that were presented at the hearing." R.C. 2929.20(H)(2). (Emphasis added.) This court has held that under such circumstances a case must be reversed and remanded to allow the trial court to make the necessary findings if supported by the facts of the case. State v.Peoples (2003), 151 Ohio App.3d 446 ¶ 35, citing State v. Riley (Oct. 31, 2000), Franklin App. No. 00AP-599. See, also, State v. Moon (May 3, 2000), Lorain App. No. 98CA007201; State v. Edwards (2005), Marion App. No. 9-04-67, 2005-Ohio-2246. In the absence of such findings, this court is unable to determine whether or not the trial court erred in granting appellee's motion for judicial release.
 {¶ 14} Accordingly, appellant's first assignment of error is sustained.
 {¶ 15} Because we have sustained appellant's first assignment of error, the second assignment of error is rendered moot, and we need not address it.
 {¶ 16} For the foregoing reasons, appellant's first assignment of error is sustained, and the second assignment of error is rendered moot. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Bryant and French, JJ., concur.