DECISION
{¶ 1} The State of Ohio is appealing the handling of a motion for judicial release which was sustained. The State of Ohio assigns two errors for our consideration:
 [I.] UPON CONSIDERATION OF MOTIONS FOR JUDICIAL RELEASE FOR OFFENDERS CONVICTED OF A FELONY OF THE FIRST OR SECOND DEGREE, THE COURT IS BOUND TO MAKE FINDINGS UNDER R.C. 2929.20(H).
 [II] A COURT THAT GRANTS JUDICIAL RELEASE TO AN INMATE INCARCERATED FOR A FELONY OF THE FIRST OR SECOND DEGREE MUST LIST ALL THE *Page 2 
SERIOUSNESS AND RECIDIVISM FACTORS THAT WERE PRESENTED AT THE HEARING.
 {¶ 2} Michael A. Kelley entered a guilty plea to a single charge of aggravated robbery with a one-year firearm specification. He was sentenced to a term of one year of incarceration on the firearm specification and four years to be served consecutively to the sentence on the firearm specification for the aggravated robbery charge.
 {¶ 3} The trial judge who sentenced Michael A. Kelley indicated in the sentencing entry that judicial release would be considered after Kelley had served three years of the sentence.
 {¶ 4} Kelley filed his motion for judicial release. It was opposed by the State of Ohio. The State of Ohio requested that findings regarding the seriousness of the offense and recidivism be made. The State of Ohio asserted such findings were mandated by R.C. 2929.20(H) before the trial court could grant judicial release.
 {¶ 5} R.C. 2929.20(H) reads:
 (H)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12
of the Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors *Page 3 
indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
 (2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.
 {¶ 6} R.C. 2929.20(H) lists a series of findings which must be made before a judge grants judicial release to a person convicted of a felony of the first degree. The trial court judge here noted on the record:
 Whether I let you out today or have you serve the additional two years, less than two years, in my mind is not going to make you more or less a risk. There was a reason why I put that in the entry, you would have done well in prison, so I think that you have met the requirements of the statute. * * *
(Tr. 9.)
 {¶ 7} Kelley received 1,215 days of jail time credit — approximately four months past the three year period noted in the original sentencing entry. The trial judge noted that he rarely grants judicial release, but the judge felt Kelley had engaged in positive conduct in prison, including learning a trade as a dog trainer and taking a course in responsible family life skills. The judge put Kelley on intensive supervision with a probation officer trained to deal with probationers with a past history of gang involvement.
 {¶ 8} The question presented by both assignments of error is how detailed and specific a judge must be in granting a motion for judicial release. Therefore, we address both assignments of error together. *Page 4 
 {¶ 9} In an obvious reference to R.C. 2929.20(H) which had been argued extensively by the assistant prosecuting attorney who handled the case, the judge noted his belief that Kelley had met the requirements of the statute.
 {¶ 10} While allowing such a generalized statement of compliance with R.C. 2929.20(H) might make for more efficient proceedings in the trial court, R.C. 2929.20(H) requires a very specific set of findings which must be made before a trial judge can grant judicial release to a person convicted of a first degree or second degree felony. The trial judge may well have had all the appropriate considerations in mind when ruling on the motion for judicial release, but the statute requires the findings to be on the record. See our previous rulings in State v. Triplett, Franklin App. No. 07AP-416, 2008-Ohio-397; and State v. Riley (Oct. 31, 2000), Franklin App. No. 00AP-599. The trial judge therefore erred in failing to state the findings on the record.
 {¶ 11} As a result of the above, we sustain the two assignments of error. We vacate the granting of judicial release and remand the case for further appropriate proceedings.
Judgment reversed and remanded for further appropriateproceedings.
 PETREE and FRENCH, JJ., concur. *Page 1