[Cite as *State v. Dudley*, 2014-Ohio-430.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 13-COA-016 |
| | : | |
| LARRY W. DUDLEY, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Ashland County Court
of Common Pleas, Case No. 13-CRI-
024


JUDGMENT:        APPEAL DISMISSED


DATE OF JUDGMENT ENTRY:        January 15, 2014


APPEARANCES:

For Plaintiff-Appellee:        For Defendant-Appellant:

RAMONA J. ROGERS        ERIN N. POPLAR
ASHLAND CO. PROSECUTOR        103 Milan Ave., Suite 6
PAUL T. LANGE        Amherst, OH 44001
110 Cottage Street, Third Floor
Ashland, OH 44805

*Delaney, J.*

{¶1}   Appellant Larry W. Dudley, Jr. appeals from the May 16, 2013 Judgment Entry – Sentencing of the Ashland County Court of Common Pleas.  Appellee is the state of Ohio.  This case is related to but not consolidated with *State v. Dudley*, 5th Dist. Ashland No. 13-COA-017.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's original conviction is unnecessary to our disposition of this appeal.

{¶3}   Appellant was charged and ultimately entered pleas of no contest to the following charges in two separate criminal cases:

| Case No. | Count No. | Offense | Revised Code Section | Degree | Sentence |
|---|---|---|---|---|---|
| 12-CRI-1311 | I | Burglary | 2911.12(A)(3) | F3 | 30 months |
| 12-CRI-1311 | III | Burglary | 2911.12(A)(3) | F3 | 30 months |
| 12-CRI-1311 | IV | Burglary | 2911.12(A)(3) | F3 | 30 months |
| 13-CRI-024 | I | B & E | 2911.13(A) | F5 | 12 months |
| 13-CRI-024 | II | Theft | 2913.02(A)(1) | M1 | 90 days |
| 13-CRI-024 | III | Theft | 2913.02(A)(1) | M1 | 90 days |
| 13-CRI-024 | IV | B & E | 2911.13(A) | F5 | 12 months |
| 13-CRI-024 | V | Theft | 2913.02(A)(1) | M1 | 90 days |
| 13-CRI-024 | VI | B & E | 2911.13(A) | F5 | 12 months |
| 13-CRI-024 | VII | Theft | 2913.02(A)(1) | M1 | 90 days |
| 13-CRI-024 | VIII | Theft from elderly person | 2913.02(A)(1) | F5 | 12 months |

{¶4}   After appellant changed his pleas and prior to entering sentences, the trial court ordered a presentence investigation (P.S.I.) which has been made part of the record on appeal.  The lengthy P.S.I. indicates appellant engaged in a series of thefts

and burglaries with a cohort to support a serious drug habit.  Appellant has an extensive criminal history of similar offenses.

{¶5}  In this case, the trial court found consecutive sentences are necessary to protect the public from future crimes and to punish the offender and are not disproportionate to the seriousness of appellant's conduct.  The felony sentences were therefore ordered to be served consecutively for an aggregate prison term of eleven and a half years. (The misdemeanor sentences were ordered to be served concurrently.)

{¶6}  As the trial court sentenced appellant to prison, appellant cursed and threatened the trial judge.  Appellant was therefore removed from the courtroom and sentencing continued.

{¶7}  Restitution was a significant issue at sentencing.  Items stolen by appellant included copper pipe from a house, the removal of which caused flooding and significant damage.  Appellee reported a restitution amount of $89,000 for that victim, although the victim had not yet presented any documentation.  At sentencing, after appellant's removal from the courtroom, the trial court stated the following regarding restitution:

> * * *.
>
> I am assessing the Court costs in this matter including the $30 fee required pursuant to Section 2949.041 and the $30 fee required pursuant to Section 2743.70, and the $25 fee required to Section 120.36.  I am further Ordering that [appellant] pay restitution to Heather Harrison in the amount of $2,578, that he pay restitution to Phillip Lininger in the amount of $500, that he pay restitution to

Jerry Smith in the amount of $900, **and that he pay restitution to Teresa Stackhouse in the amount of $87,500, although I do want to make that Order subject to some documentation either in the form of a settlement or what have you, that provides the Court with a little more verification that in fact was the amount, the $89,000 was the amount of the insurance claim.** (Emphasis added.)

* * *.

{¶8} The resulting Judgment Entry – Sentencing of the trial court filed May 16, 2013 states the following regarding restitution:

The Defendant is ORDERED to make restitution in the amount of Five Hundred Dollars ($500.00) to Phillip Leininger; Nine Hundred Dollars ($900.00) to Jerry Smith; Eighty-Seven Thousand Five Hundred Dollars ($87,500.00) to Theresa Stackhouse, the victims in this case. **In regards to the restitution order for Theresa Stackhouse, the Court's restitution order is being issued subject to the Court receiving written documentation in support of the amount of restitution ordered. If the Court does not receive written documentation from Ms. Stackhouse, the Court may set aside the restitution order for her.** (Emphasis added.)

{¶9} Appellant now appeals from the judgment entry of conviction and sentence entered by the trial court on May 16, 2013.

{¶10} Appellant raises five assignments of error:

**ASSIGNMENTS OF ERROR**

{¶11} "I.    THE TRIAL COURT ERRED WHEN IT IMPOSED PRISON SENTENCES FOR FOUR FIFTH DEGREE FELONIES WITHOUT MAKING A SPECIFIC FINDING THAT ANY FACTOR CONTAINED IN OHIO REVISED CODE 2929.13(B)(1)(b) APPLY (*sic*) RELATIVE TO APPELLANT."

{¶12} "II.   THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE 12-MONTH SENTENCES FOR FOUR FIFTH DEGREE FELONY CONVICTIONS SUCH THAT THE AGGREGATE SENTENCE EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY OHIO REVISED CODE 2929.14(A) FOR THE MOST SERIOUS OFFENSE OF WHICH THE APPELLANT WAS CONVICTED, 12 MONTHS."

{¶13} "III. THE TRIAL COURT ERRED TO (*sic*) ORDERING APPELLANT TO PAY MORE THAN $90,000.00 IN RESTITUTION WITHOUT SUPPORTING DOCUMENTATION, OUTSIDE OF APPELLANT'S PRESENCE AND IN AN UNDETERMINED AMOUNT."

{¶14} "IV.   IN THE ALTERNATIVE, APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BECAUSE HIS COUNSEL DID NOT DISPUTES (*sic*) RESTITUTION AMOUNTS OR REQUEST A HEARING ON RESTITUTION."

{¶15} "V.   THE TRIAL COURT ERRED IN ORDERING MAXIMUM CONSECUTIVE PRISON SENTENCES FOR FIFTH DEGREE FELONIES AS THE

IMPOSITION OF SUCH SENTENCES PLACES AN UNNECESSARY BURDEN ON STATE RESOURCES."

**ANALYSIS**

I., II., III., IV., V.

{¶16} As an initial matter, we must address whether the judgment entry of May 16, 2013 constitutes a final appealable order in light of the indefinite restitution order For the following reasons, we find it does not, and therefore we dismiss the within appeal for lack of a final appealable order.

{¶17} The Ohio Supreme Court has recognized "the determination of restitution entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment." *State v. Miller,* 127 Ohio St.3d 407, 2010–Ohio–5705, 940 N.E.2d 924, ¶ 16. Generally, as the Court held at the syllabus in *State v. Danison,* 105 Ohio St.3d 127, 2005–Ohio–781, 823 N.E .2d 444, "[a]n order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order."

{¶18} Where a judgment entry does not settle either the amount of restitution or the method of payment, however, it is not a final appealable order. *State v. Kuhn*, 3rd Dist. Defiance No. 4–05–23, 2006–Ohio–1145, ¶ 8; *In re Zakov*, 107 Ohio App.3d 716, 718, 669 N.E.2d 344 (11th Dist.1995); *In re Holmes*, 70 Ohio App.2d 75, 77, 434 N.E.2d 747 (1st Dist.1980). In this case, a significant order of restitution is dependent upon one victim submitting proof of her insurance claim or other documentation satisfactory to the trial court.

{¶19} We note the record is silent as to whether any party has requested a hearing to finalize this restitution amount.

{¶20} The May 16, 2013 entry thus lacks a complete sentence and is merely interlocutory.  *State v. Riggs*, 5th Dist. Licking No. 2009 CA 00041, 2009-Ohio-6821, fn 2.  Accordingly, we find there is no final appealable order in this case.

{¶21} Appellant's appeal is therefore dismissed.

## CONCLUSION

{¶22} For the foregoing reasons, this appeal is dismissed for lack of a final appealable order.

By:  Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.

_____

_____

_____