[Cite as *State v. Orms*, 2014-Ohio-2732.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-698 |
| v. | : | (C.P.C. No. 11CR-2191) |
| Nathan S. Orms, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 24, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for
appellant.

*The Law Offices of Tajuddin & Khan*, and *Feisul M. Khan*, for
appellee.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, State of Ohio ("state"), from an
entry of the Franklin County Court of Common Pleas, granting a motion for judicial
release filed by defendant-appellee, Nathan S. Orms.

{¶ 2} On April 27, 2011, appellee was indicted on one count of engaging in a
pattern of corrupt activity, four counts of forgery, 16 counts of receiving stolen property,
16 counts of money laundering, and 15 counts of theft. On February 3, 2012, appellee
entered a guilty plea to one count of engaging in a pattern of corrupt activity, a felony of
the second degree, and nine counts of money laundering, felonies of the third degree. The
trial court entered a nolle prosequi as to the remaining counts.

{¶ 3}    By judgment entry filed May 21, 2012, the trial court sentenced appellee to four years incarceration as to Count 1 (engaging in a pattern of corrupt activity), two years incarceration as to Count 25 (money laundering), and 30 months each on the remaining money laundering counts.   The court ordered two of the money laundering counts (Counts 25 and 26) to be served consecutively, and the remaining counts to run concurrently, for a total sentence of imprisonment of four and one-half years.

{¶ 4}    On November 20, 2012, appellee filed a motion for judicial release pursuant to R.C. 2929.20.  On December 17, 2012, the state filed a memorandum contra appellee's motion for judicial release.  On May 31, 2013, the trial court conducted a hearing on the motion.  By entry filed July 17, 2013, the court granted appellee's motion for judicial release.

{¶ 5}    On appeal, the state sets forth the following seven assignments of error for this court's review:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO ADDRESS OR MAKE THE FINDINGS TO JUSTIFY THE JUDICIAL RELEASE OF A SECOND-DEGREE FELON.
>
> [II.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO LIST ALL OF THE FACTORS PRESENTED AT THE HEARING IN DECIDING TO GRANT JUDICIAL RELEASE TO A SECOND-DEGREE FELON.
>
> [III.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JUDICIAL RELEASE FOR A SECOND-DEGREE FELON BASED ON A REFUSAL TO CONSIDER THE MILLIONS OF DOLLARS OF ECONOMIC HARM INVOLVED IN DEFENDANT'S REPEATED MORTGAGE-FRAUD TRANSACTIONS.
>
> [IV.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JUDICIAL RELEASE FOR A SECOND-DEGREE FELON BASED ON ITS CONCLUSION THAT THE PROSECUTOR ENGAGED IN "INAPPROPRIATE" ARGUMENT IN RELYING ON SENTENCES IN OTHER MORTGAGE-FRAUD CASES IN OHIO.
>
> [V.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JUDICIAL RELEASE FOR A

SECOND-DEGREE FELON BASED ON ITS EMOTIONAL STAKE IN LETTING THE FELON OUT ON JUDICIAL RELEASE AND BASED ON "PRESSURE" TO RELEASE OFFENDERS EARLY.

[VI.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JUDICIAL RELEASE FOR NINE THIRD-DEGREE MONEY LAUNDERING FELONIES WITHOUT MAKING THE NECESSARY FINDINGS AND WITHOUT MAKING THE LIST OF SENTENCING FACTORS.

[VII.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JUDICIAL RELEASE FOR NINE THIRD-DEGREE MONEY LAUNDERING FELONIES BASED ON ITS REFUSAL TO CONSIDER THE MILLIONS OF DOLLARS OF FINANCIAL HARM, BASED ON ITS REFUSAL TO CONSIDER OUTCOMES IN OTHER MORTGAGE-FRAUD CASES IN OHIO, BASED ON THE COURT'S EMOTIONAL STAKE IN LETTING THE FELON OUT ON JUDICIAL RELEASE, AND BASED ON "PRESSURE" TO RELEASE OFFENDERS EARLY.

{¶ 6} The state's first, second, and sixth assignments are interrelated and will be considered together. Under the first and second assignments of error, the state argues that the trial court erred in failing to specify on the record requisite findings and to list the sentencing factors presented at the motion hearing in order to justify the release of a second-degree felon. The state argues under the sixth assignment of error that the trial court also failed to make the requisite findings and listing of sentencing factors with respect to appellee's third-degree offenses.

{¶ 7} R.C. 2929.20 addresses the requirements for judicial release. R.C. 2929.20(J) states:

> (1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense under Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:

(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

(2) A court that grants a judicial release to an eligible offender under division (J)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.

{¶ 8} In accordance with R.C. 2953.08(B)(3), the state "may appeal as a matter of right a decision to grant judicial release to an offender sentenced for a felony of the first or second degree." *State v. Williams,* 10th Dist. No. 10AP-55, 2010-Ohio-4519, ¶ 9. This court's standard of review involves a determination "whether the record clearly and convincingly supports the trial court's findings made pursuant to [R.C. 2929.20(J)] or whether the decision is otherwise contrary to law." *Id.*, citing R.C. 2953.08(G)(2); *State v. Costlow,* 8th Dist. No. 89501, 2008-Ohio-1097, ¶ 9-13.

{¶ 9} In the present case, during the hearing on the motion for judicial release, the trial court noted on the record the fact that the state had not requested restitution during the sentencing hearing. The court further commented: "We are not talking about an offense of violence. * * * I don't think [appellee] is a threat to anyone's safety on the street." (Tr. 19.) The court also commented that this was "[a]pparently not" the "worst possible offender." (Tr. 20.)

{¶ 10} As indicated above, R.C. 2929.20(J) provides that a court "shall not grant a judicial release" unless it makes the findings set forth under R.C. 2929.20(J)(1)(a) and (b). This court has previously noted that, in addition to the findings required under R.C.

2929.20(J)(1) and (2), the statute "obligates the trial court to justify its findings with an analysis of the relevant R.C. 2929.12 factors." *Williams* at ¶ 11.

{¶ 11} Upon review, we agree with the state that the trial court did not specify the findings as to the adequacy of the punishment and the seriousness of the offense as required under R.C. 2929.20(J)(1)(a) and (b), nor did the court list all the factors that were presented at the hearing. In the absence of those findings and factors, the trial court was precluded from granting judicial release as to an eligible second-degree felony offender. *See, e.g., State v. Kelley,* 10th Dist. No. 08AP-118, 2008-Ohio-3828, ¶ 10 (R.C. 2929.20(J) "requires a very specific set of findings which must be made before a trial judge can grant judicial release to a person convicted of a first degree or second degree felony"); *State v. Day,* 10th Dist. No. 09AP-40, 2010-Ohio-125, ¶ 15, quoting *State v. Hunt,* 10th Dist. No. 04AP-1177, 2005-Ohio-3144, ¶ 13 ("Because there are no specific findings in the record, we must reverse and remand this matter 'to allow the trial court to make the necessary findings if supported by the facts of the case.' "). We, therefore, find that this matter must be remanded to the trial court to state the required findings and factors.

{¶ 12} With respect to the state's sixth assignment of error, addressing the money laundering counts, the state argues that the sentences for the third-degree felonies were part of the same "stated prison term" as the sentence for the second-degree felony count and, therefore, the court's failure to comply with the statutory findings and listing of sentencing factors implicates the granting of judicial release as to all of the prison sentences. We agree. *See* R.C. 2929.01(FF) (defining "[s]tated prison term" to mean "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court"). *See also State v. Triplett,* 176 Ohio App.3d 603, 2008-Ohio-397 (10th Dist.) (reversing and remanding judgments granting motions for judicial release in two cases, one involving only a fourth-degree felony, and the other a second-degree felony (as well as a fourth and fifth-degree felony), where trial court failed to make requisite R.C. 2929.20 findings). *See also State v. Williams,* 5th Dist. No. 2002AP020007, 2002-Ohio-4264, ¶ 13 (finding that the defendant's stated prison term, for purposes of filing a motion for judicial release, was five and one-half years based upon both cases in which defendant was sentenced).

{¶ 13} Based upon the foregoing, we sustain the state's first, second, and sixth assignments of error.

{¶ 14} Under its third, fourth, fifth, and seventh assignments of error, the state argues that the trial court erred in granting judicial release by (1) refusing to consider the economic harm involved in appellant's conduct, (2) concluding that the prosecutor engaged in inappropriate argument during the motion hearing, and (3) basing its decision to grant judicial release on pressure to release early offenders. In light of our disposition of the first, second, and sixth assignments of error, vacating the trial court's grant of judicial release and remanding this matter for the court to comply with the provisions of R.C. 2929.20(J), the issues raised under the state's third, fourth, fifth, and seventh assignments of error are rendered moot.

{¶ 15} Based upon the foregoing, the state's first, second, and sixth assignments of error are sustained, the third, fourth, fifth, and seventh assignments of error are rendered moot, the judgment of the Franklin County Court of Common Pleas granting judicial release is vacated, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment vacated; cause remanded.*

SADLER, P.J., and TYACK, J., concur.

_____