[Cite as *State v. Nichter*, 2014-Ohio-4226.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

       Plaintiff-Appellant,                  :

                                         No. 14AP-34

v.                                                     :          (C.P.C. No. 10CR-7383)

Daniel J. Nichter,                                     :          (REGULAR CALENDAR)

       Defendant-Appellee.                   :

---

D E C I S I O N

Rendered on September 25, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Meeks & Thomas Co., LPA, R. William Meeks* and *David H. Thomas*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1}  Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting defendant-appellee, Daniel J. Nichter, judicial release pursuant to R.C. 2929.20.  For the following reasons, we reverse the trial court's judgment and remand this matter for additional proceedings.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  In December 2010, appellee was indicted on 1 count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32; 1 count of theft, in violation of R.C. 2913.02; 22 counts of identity fraud, in violation of R.C. 2913.49; 20 counts of forgery, in violation of R.C. 2913.31; and 4 counts of receiving stolen property, in violation of R.C.

2913.51. Appellee pled guilty to three counts of second-degree felony identity fraud. Upon the parties' joint recommendation, the trial court imposed a four-year sentence for each count and ordered appellee to serve the sentences concurrently. A nolle prosequi was entered for the remaining counts in the indictment. The trial court's sentencing entry was filed on January 13, 2012. In the entry, the court stated, among other things, that appellee "shall pay restitution in an amount to be determined." (R. 74, at 2.)

{¶ 3} On August 7, 2012, appellee filed a motion for judicial release, which the state opposed. The trial court denied the motion but stated it would reconsider after appellee served one year of his sentence. On May 24, 2013, appellee filed a second motion for judicial release, which the state again opposed.

{¶ 4} On November 22, 2013, the trial court held a hearing on appellee's second motion for judicial release. By entry filed January 13, 2014, the trial court granted appellee judicial release and placed him on community control for a period of three years. The state appealed.

## II. ASSIGNMENTS OF ERROR

{¶ 5} The state presents us with the following assignments of error for review:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO MAKE BOTH OF THE FINDINGS NEEDED TO JUSTIFY THE JUDICIAL RELEASE OF A SECOND-DEGREE FELON.

> [II.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO LIST ALL OF THE FACTORS PRESENTED AT THE HEARING IN DECIDING TO GRANT JUDICIAL RELEASE TO A SECOND-DEGREE FELON.

> [III.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JUDICIAL RELEASE FOR A SECOND-DEGREE FELON BASED ON A DISCRETE LEGAL ERROR IN FAILING TO CONSIDER DEFENDANT'S DEMONSTRATED PATTERN OF CRIMINAL ACTIVITY.

> [IV.] THE TRIAL COURT ERRED IN GRANTING JUDICIAL RELEASE IN THE ABSENCE OF RECORD SUPPORT FOR THE NECESSARY FINDING RELATED TO SERIOUSNESS.

## III. DISCUSSION

{¶ 6} Before we address the merits of this appeal, we must determine whether we have jurisdiction to do so. The trial court's January 13, 2012 sentencing entry states appellee "shall pay restitution in an amount to be determined." (R. 74, at 2.) Thus, we questioned whether the sentencing entry was a final appealable order. *See State v. Dudley*, 5th Dist. No. 13-COA-016, 2014-Ohio-430, ¶ 18 ("Where a judgment entry does not settle either the amount of restitution or the method of payment, * * * it is not a final appealable order."), citing *State v. Kuhn*, 3d Dist. No. 4-05-23, 2006-Ohio-1145, ¶ 8; *In re Zakov*, 107 Ohio App.3d 716, 718 (11th Dist.1995); *In re Holmes*, 70 Ohio App.2d 75, 77 (1st Dist.1980). On July 2, 2014, this court ordered the parties to submit supplemental briefs regarding "whether the trial court's January 13, 2012 entry is a final appealable order, and if it is not, the impact of that fact on the present appeal of the trial court's decision to grant appellee judicial release." The parties responded they are in agreement that the sentencing entry was a final appealable order and, in any event, this appeal should go forward. We agree with the parties that this appeal should proceed on the merits because, ultimately, the state has appealed from the trial court's judgment granting appellee judicial release, not the sentencing entry. *See State v. Cockroft*, 10th Dist. No. 13AP-532, 2014-Ohio-1644, ¶ 10-11 (declining to address whether a sentencing entry was a final appealable order because it was not at issue on appeal); s*ee also State v. Perkins*, 2d Dist. No. 25808, 2014-Ohio-1863, ¶ 32-50 (concluding, although an original sentencing entry was not a final appealable order because of a restitution error, the remainder of the appellant's sentence, aside from the restitution portion, was valid).

{¶ 7} The state brought this appeal pursuant to R.C. 2953.08(B), and that provision specifically confers upon the state the right to do so. R.C. 2953.08(B) provides, in pertinent part:

> In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

\* \* \*

(3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

*State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, ¶ 11 ("R.C. 2953.08(B)(3) grants the state a right to appeal if a court modifies[, pursuant to R.C. 2929.20,] a sentence imposed for a felony of the first or second degree."); *State v. Orms*, 10th Dist. No. 13AP-698, 2014-Ohio-2732, ¶ 8, quoting *State v. Williams*, 10th Dist. No. 10AP-55, 2010-Ohio-4519, ¶ 9 ("In accordance with R.C. 2953.08(B)(3), the state 'may appeal as a matter of right a decision to grant judicial release to an offender sentenced for a felony of the first or second degree.' "). Appellee's convictions were for second-degree felonies. Thus, we find that this appeal is properly before us.

{¶ 8} We will consider the state's first and second assignments of error together for ease of discussion. Thereunder, the state argues the trial court erred by granting appellee judicial release without complying with the findings and factors requirements of R.C. 2929.20(J)(1) and (2). We agree.

{¶ 9} We review this matter to determine whether the record clearly and convincingly supports the trial court's findings made pursuant to R.C. 2929.20(J), or whether the decision is otherwise contrary to law. *Orms* at ¶ 8, citing *Williams* at ¶ 9, citing R.C. 2953.08(G)(2), and *State v. Costlow*, 8th Dist. No. 89501, 2008-Ohio-1097, ¶ 9-13.

{¶ 10} R.C. 2929.20 governs judicial release and provides, in relevant part:

(J)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree \* \* \* unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:

(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

(2) A court that grants a judicial release to an eligible offender under division (J)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.

{¶ 11} During the hearing on appellee's motion for judicial release, the trial court made the following pertinent comments:

I need for you to understand the financial, the emotional, the intellectual, the physical impact that you have had on [your victim's] life, not only his life, but his clients that he is trusted and accumulated over time, his family's life, his well-being, you have forever changed that because you decided to do something that is the supreme in selfishness.

* * *

My challenge is that, regardless of whether I grant the motion or not, at some point in time you are going to be released from the institution. At some point in time you are going to have to make amends for this huge mess that you have made and that you continue to make by the challenges that your victims face.

What I have to decide is whether it is likely that you will find yourself in this kind of a predicament again or whether it is less likely that you will find yourself in this kind of a predicament again. The only thing that I have to go on is your record prior to these offenses and how you have conducted yourself while you have been incarcerated.

There is nothing in those records that would indicate to me that you might engage in this kind of behavior again. * * *

* * *

> * * * This is a serious offense. You cannot demean the seriousness of what it is that you have done, but the factors for felony sentencing not only require that I protect the public, punish you, I also have a responsibility to rehabilitate you if that is possible, and so judicial release is a privilege. It is not a right. Based on the factors outlined in 2929.20 subsection (J), I am going to give you this opportunity.

(Nov. 22, 2013 Tr. 11-13.) The trial court's judgment entry granting appellee judicial release did not include additional findings or factors.

{¶ 12} The trial court did not comply with R.C. 2929.20(J). With regard to R.C. 2929.20(J)(1)(a), the trial court's comments merely suggest the court's belief that a sanction other than a prison term would adequately punish appellee and protect the public from future criminal violations by appellee. The trial court found that appellee was not likely to reoffend; however, the court did so without direct reference to the recidivism factors set forth in R.C. 2929.12(D) and (E), and without listing the R.C. 2929.12 factors that were presented at the hearing as required by R.C. 2929.20(J)(2). With regard to R.C. 2929.20(J)(1)(b), the trial court told appellee that he could not demean the seriousness of his crimes. The trial court did not expressly find that a sanction other than a prison term would not demean the seriousness of appellee's offenses. Furthermore, the court did not reference or engage in any weighing of the seriousness factors that appear in R.C. 2929.12(B) and (C). The only R.C. 2929.12 factor listed by the trial court was one indicating that appellee's conduct was more serious than conduct normally constituting the offenses. *See* R.C. 2929.12(B)(2) ("The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.").

{¶ 13} R.C. 2929.20(J) requires a trial court to make a very specific set of findings before the court can grant judicial release to an individual imprisoned for a first or second degree felony, and those findings must be made on the record. *State v. Kelley*, 10th Dist. No. 08AP-118, 2008-Ohio-3828, ¶ 10; *Orms* at ¶ 11. Additionally, R.C. 2929.20(J) requires the trial court to make the findings with reference to factors in R.C. 2929.12, and the court must justify its findings with an analysis of the relevant R.C. 2929.12 factors. *Williams* at ¶ 11. The trial court did not make findings or identify and discuss factors to the extent required by R.C. 2929.20(J). Therefore, the trial court was precluded from

granting appellee judicial release. *Orms* at ¶ 11; R.C. 2929.20(J)(1). The decision to grant appellee judicial release was contrary to law. Accordingly, we sustain the state's first and second assignments of error.

{¶ 14} Under the state's third assignment of error, it argues the trial court failed to consider appellee's "pattern of crimes in this very case" when ruling on the motion for judicial release. (State's Brief, 23.) We are remanding this matter for the trial court to re-evaluate appellee's motion in compliance with the law. It is appropriate for the trial court to address the state's concerns in the first instance on remand.

{¶ 15} Under the state's fourth assignment of error, it urges us to rule that the record does not support granting appellee judicial release. The state asks that we remand this matter with instructions to the trial court to deny appellee's motion. We decline to do so. The trial court is in the best position to assess whether the facts of this case support granting judicial release pursuant to R.C. 2929.20. Until the trial court complies with R.C. 2929.20(J), we are unable to determine whether or not the trial court erred in granting appellee's motion for judicial release. *State v. Hunt*, 10th Dist. No. 04AP-1177, 2005-Ohio-3144, ¶ 13.

{¶ 16} For these reasons, the state's third and fourth assignments of error are rendered moot.

## IV. CONCLUSION

{¶ 17} The state's first and second assignments of error are sustained. The state's third and fourth assignments of error are rendered moot. The judgment of the Franklin County Court of Common Pleas is reversed and this matter remanded to that court for additional proceedings in accordance with law and consistent with this decision.

*Judgment reversed and*
*cause remanded.*

SADLER, P.J., and CONNOR, J., concur.

———————————