OPINION
{¶ 1} Plaintiff-appellant the State of Ohio ("the State") brings this appeal from the judgment of the Court of Common Pleas of Marion County granting judicial release to defendant-appellee Paul L. Edwards ("Edwards").
 {¶ 2} On September 22, 2003, Edwards was found guilty of 27 counts of securities violations, felonies of the third degree, and one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree. With a conviction for a felony of the first degree, the statute presumes that the defendant will be sentenced to a prison term. The trial court sentenced Edwards to three years for the corrupt activity and to one year on each of the securities violations. The securities violations were ordered to be served concurrent with the others and consecutive to the corrupt activity for a total sentence of four years in prison.
 {¶ 3} On May 24, 2004, Edwards filed a motion for judicial release. The State filed its opposition to the motion on June 7, 2004. A hearing was held on the matter on November 8, 2004. At the conclusion of the hearing, the trial court granted judicial release. The State appeals from this judgment and raises the following assignments of error.
The trial court erred when it granted [Edwards] judicial releasewithout first making the findings required by R.C. 2929.20(H), since[Edwards] was serving a prison sentence for a felony one offense whichcarried a presumption in favor of a prison term.
 The trial court erred in granting [Edwards] judicial release withoutspecifying on the record all of the applicable seriousness and recidivismfactors set forth in R.C. 2929.12, since [Edwards] was serving a prisonterm for a felony one offense which carried a presumption in favor of aprison term.
 The trial court erred in granting [Edwards] release when he was servinga prison sentence for a felony one offence which carried a presumption infavor of prison term, and the trial court determined on the record thatit could not make the findings necessary to overcome the presumption fora prison term, which conclusion was confirmed by the undisputed evidencebefore the trial court.
 {¶ 4} The first and second assignments of error claim that the trial court did not make the required findings.
(H)(1) A court shall not grant a judicial release under this section toan eligible offender who is imprisoned for a felony of the first orsecond degree * * * for whom there was a presumption under [R.C. 2929.13]in favor of a prison term, unless the court, with reference to factorsunder [R.C. 2929.12], finds both of the following:
 (a) That a sanction other than a prison term would adequately punishthe offender and protect the public from future criminal violations bythe eligible offender because the applicable factors indicating a lesserlikelihood of recidivism outweigh the applicable factors indicating agreater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean theseriousness of the offence because factors indicating that the eligibleoffender's conduct in committing the offense was less serious thanconduct normally constituting the offense outweigh factors indicatingthat the eligible offender's conduct was more serious than conductnormally constituting the offense.
 (2) A court that grants a judicial release to an eligible offenderunder division (H)(1) of this section shall specify on the record bothfindings required in that division and also shall list all the factorsdescribed in that division that were presented at the hearing.
R.C. 2929.20(H).
 {¶ 5} In this case, the trial court made the following findings on the record.
After due consideration of the record, any oral or written statementsprepared, any warden's report received, as well as the principles andpurposes of sentencing under. R.C. 2929.11 and seriousness and recidivismfactors under R.C. 2929.12, the court finds that the defendant iseligible for judicial release, and that a reduction of sentence andimplementation of community control sanctions will adequately protect thepublic and will not demean the seriousness of the offense.
 The Court further finds that the defendant is eligible for JudicialRelease, that he has served 64 days in jail prior to being committed toprison on 11/26/03; that he received an excellent institutional report;that he had no prior criminal history; that he has exhibited remorse;that he is 69 years old and has been a law abiding citizen for asignificant number of years; and that the defendant needs to payrestitution to the victims.
Nov. 8, 2004, Judgment entry, 1. The trial court's entry clearly addresses the recidivism factors set forth in R.C. 2929.12. The trial court also made the required findings that granting judicial release and imposing community control sanctions adequately punished Edwards and protected the public and that it would not demean the seriousness of the offense. However, the trial court failed to list all of the factors regarding the seriousness of the offense that were presented at the hearing. The State presented several factors listed in R.C. 2929.12(B) indicating that the crime was more serious than others. Edwards presented evidence regarding factors in R.C. 2929.12(C) which indicates less serious. The trial court is also free to consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A). The trial court was required by statute to list all factors presented at the hearing. Thus the first and second assignments of error are sustained.
 {¶ 6} The State claims in the third assignment of error that the trial court could not made the required findings regarding the seriousness of the offense and asks this court to vacate the judgment of the trial court. The basis of the State's claim is that it presented six factors in support of the offense being found more serious than other offenses of the same charge. Edwards presented factors at the hearing in mitigation of the seriousness. Although the State presented a more numerous recitation of factors, that does not require the trial court to find that the offense was more serious than others. "Although the trial court must consider all relevant factors, the weight to be given to those factors is within the discretion of the trial court." State v. Hobson, 12th Dist. No. CA2002-06-142, 2003-Ohio-1613 at ¶ 11.
 {¶ 7} The crimes charged in this instance are securities violations and engaging in a pattern of corrupt activity. Thus the trial court must determine if the acts which resulted in the commission of these crimes was more or less serious than other acts which would result in a commission of the same offenses. The State argues that since the trial court indicated that the offense was more serious at the original sentencing hearing, no other conclusion can be reached. However, this is a new hearing which requires by statute a new evaluation of the factors. The parties each presented evidence of various factors to the trial court. The weight to be given each of the factors is within the sound discretion of the trial court. Since each party presented factors, this court cannot find as a matter of law the trial court cannot make a finding that the offense is less serious than others. The third assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Marion County is affirmed in part and reversed in part and the cause is remanded for further proceedings.
Judgment Affirmed in Part, Reversed in Part and Cause Remanded.
 Cupp, P.J. and Shaw, J., concur.