OPINION
{¶ 1} The plaintiff-appellant, the State of Ohio ("State"), appeals from the judgment of the Marion County Common Pleas Court granting judicial release to the defendant-appellee, Paul Edwards ("Edwards").
 {¶ 2} On January 30, 2003, the Marion County Grand Jury indicted Edwards on nine counts of unlicensed sales, violations of R.C. 1707.44(A)(1), felonies of the third degree; nine counts of selling unregistered securities, violations of R.C.1707.44(C)(1), felonies of the third degree; nine counts of making false representations in the sale of securities, violations of R.C. 1707.44(B)(4), felonies of the third degree; and one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32, a felony of the first degree. After a six day jury trial in September 2003, Edwards was found guilty of each count. In November 2003, the trial court sentenced Edwards to an aggregate sentence of four years in prison: one year on each of the 27 counts of securities violations to be served concurrently to each other, but to be served consecutive to three years for one count of engaging in a pattern of corrupt activity. Edwards was also ordered to pay restitution of approximately $400,000.00 to the victims.
 {¶ 3} On May 24, 2004, Edwards filed a motion for judicial release. After a time extension, the trial court held a judicial release hearing on November 8, 2004. On that same date, the trial court filed its judgment entry granting Edwards' motion for judicial release, which stated in pertinent part:
[a]fter due consideration of the record, any oral or writtenstatements prepared, any warden's report received, as well as theprinciples and purposes of sentencing under R.C. 2929.11 andseriousness and recidivism factors under R.C. 2929.12, the courtfinds that the defendant is eligible for judicial release, andthat a reduction of sentence and implementation of communitycontrol sanctions will adequately protect the public and willnot demean the seriousness of the offense.
 The Court further finds that the defendant is eligible forJudicial Release, that he has served 64 days in jail prior beingcommitted to prison on 11/26/03; that he received an excellentinstitutional report; that he had a prior criminal history thathe has exhibited remorse that he is 69 years old and has been alaw abiding citizen for a significant number of years; and thatthe defendant needs to pay restitution to the victims.
J. Entry, Nov. 8, 2004 (emphasis added). The State appealed the judgment, and we held that the trial court had made the findings required by R.C. 2929.20(H)(1)(a)-(b), but had failed to list the recidivism and seriousness factors as required by R.C.2929.20(H)(2). See State v. Edwards, 3rd Dist. No. 09-04-67,2005-Ohio-2246, at ¶ 5. Accordingly, we remanded the case to the trial court. Id.
 {¶ 4} After some debate as to the meaning of our opinion, the trial court refused to hold a new judicial release hearing, and on August 9, 2005, it filed a supplement to its judgment entry granting judicial release. This appeal followed, with the State asserting the following assignment of error:
The trial court erred when it granted the defendant-appelleejudicial release without first making the findings required byR.C. 2929.20(H), since the defendant-appellee was serving aprison term for a felony one offense which carried a presumptionin favor of a prison term; the trial court erred by grantingjudicial release without holding a hearing; and the trial courterred by failing to follow the mandate of the Third DistrictCourt of Appeals.
 {¶ 5} We remanded this matter to the trial court after it failed to list the recidivism and seriousness factors of R.C.2929.12 either at the judicial release hearing or in its judgment entry, which is required by R.C. 2929.20(H)(2). Contrary to the State's argument, we find no law that requires a trial court to conduct an entirely new judicial release hearing upon a remand for failure to list factors in support of findings. Therefore, it was within the trial court's discretion to not conduct a new judicial release hearing, and we find no abuse of discretion in its refusal to do so. See State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, 820 N.E.2d 355, at ¶ 56 ("as a general rule, in the absence of specific requirements to the contrary, decisions as to whether to hold a hearing * * * [is a matter] entrusted to the sound discretion of the trial court").
 {¶ 6} Because the R.C. 2929.20(H)(1)(a)-(b) findings had been made previously, the trial court filed a supplemental judgment entry, which clearly outlined and listed the recidivism and seriousness factors presented at the hearing and also cited the record as to what evidence supported each factor. See Supp. J. Entry, Aug. 9, 2005. The trial court has complied with our directive on the initial appeal. The State's sole assignment of error is overruled.
 {¶ 7} The judgment of the Marion County Common Pleas Court is affirmed.
Judgment Affirmed.
 Cupp, P.J., and Shaw, J., concur.