The STATE of Ohio, Appellant,

v.

WEISS, Appellee.

[Cite as *State v. Weiss,* 180 Ohio App.3d 509, 2009-Ohio-78.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–08–29.

Decided Jan. 12, 2009.

Terry L. Hord, for appellant.

Leo J. Hall, for appellee.

Rogers, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the judgment of the Union County Court of Common Pleas granting judicial release to defendant-appellee, Tonya Weiss. On appeal, the state contends that the trial court erred in granting judicial release to Weiss because she was ineligible for release, because the trial court failed to list specific factors on the record, and because she made misrepresentations in her motion for judicial release. Based upon the following, we affirm in part and reverse in part, and we remand this matter to the trial court for further proceedings consistent with this opinion.

{¶ 2} In May 2003, Weiss was convicted of three offenses: Count One, theft from an elderly person in violation of R.C. 2913.02(A)(2) and 2913.02(B)(3), a felony of the fourth degree; Count Two, theft from an elderly person in violation of R.C. 2913.02(A)(3) and 2913.02(B)(3), a felony of the second degree; and Count Three, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree. Weiss was sentenced to a 17–month prison term on Count One, an eight-year prison term on Count Two, and an eight-year prison term on Count Three, to be served concurrently. Thereafter, Weiss appealed her conviction and sentence, which this court affirmed in *State v. Weiss,* 3d Dist. No. 14–03–24, 2004-Ohio-1948, 2004 WL 831115.

{¶ 3} On May 14, 2008, Weiss filed a pro se motion for judicial release, stating that she began serving her sentence on February 5, 2003, and was now eligible for judicial release pursuant to R.C. 2929.20.

{¶ 4} On June 4, 2008, the trial court held a hearing on Weiss's motion for judicial release, at which the state averred that Weiss had filed her motion prematurely, because she had been in jail since February 5, 2003, but had not been transported to prison at a state correctional institution until June 2, 2003. Agreeing with the state that Weiss's motion was filed prematurely, the trial court sua sponte ordered her motion refiled as of the date of the hearing. Thereafter,

the trial court granted Weiss's motion for judicial release and imposed a term of three years, stating that "[t]he Court finds that as of this date a community control sanction now given after prison would adequately punish the offender and protect the public from future crime, and a community control sanction now imposed would not demean the seriousness of the offense."

{¶ 5} It is from this judgment granting Weiss judicial release that the state appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

Whether the trial court can create jurisdiction for judicial release when the motion for the same has been prematurely filed and then can the trial court grant said motion without the necessary findings?

### Assignment of Error No. II

When the defendant makes a motion for judicial release and misrepresents the time spent in prison to make her eligible for judicial release, can she get a second bite at the apple and file the second motion for judicial release?

### Assignment of Error No. I

{¶ 6} In its first assignment of error, the state contends that Weiss's motion for judicial release was filed prematurely, leaving the trial court without jurisdiction to grant judicial release. Additionally, the state contends that the trial court could not grant the motion because it did not list required factors on the record. We disagree that Weiss's motion was filed prematurely and that the trial court was without jurisdiction to grant judicial release; however, we agree that the trial court did not list the required factors on the record.

{¶ 7} First, we will consider the issue of the timeliness of Weiss's motion for judicial release.

{¶ 8} R.C. 2929.20 governs judicial release and provides that:

(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. * * * An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:

* * *

(2) Except as otherwise provided in division (B)(3) or (4) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.

\* \* \*

(4) If the stated prison term is more than five years and not more than ten years, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.

{¶ 9} Additionally, R.C. 2967.191 governs jail-time credit, providing that:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

{¶ 10} Finally, when applying a statute, the judiciary's primary purpose must be to give effect to the intention of the legislature. *In re McClanahan,* 5th Dist. No. 2004AP010004, 2004-Ohio-4113, 2004 WL 1758408, ¶ 16, citing *Henry v. Cent. Natl. Bank* (1968), 16 Ohio St.2d 16, 20, 45 O.O.2d 262, 242 N.E.2d 342. In doing so, it is the duty of the courts to give effect to the words used, not to delete words used or to insert words not used. *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus. It is axiomatic that if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need for a court to apply further rules of statutory interpretation. *State v. Siferd,* 151 Ohio App.3d 103, 117, 2002-Ohio-6801, 783 N.E.2d 591. Words and phrases must be read in context and given their usual, normal, and/or customary meanings. R.C. 1.42; *Proctor v. Kardassilaris,* 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12.

{¶ 11} Here, as Weiss was convicted of one first- and one second-degree felony, and sentenced to an aggregate eight-year prison term, she fell under section (B)(4) of R.C. 2929.20, and was eligible to file her motion for judicial release after serving five years of her stated prison term. The issue here is whether Weiss was permitted to count the time she served in jail prior to her delivery to the state correctional institution, for which she was granted jail-time credit towards her prison sentence. The state avers that Weiss was permitted to begin counting her time served only upon her arrival at the state correctional institution, and could not count the time she had served in jail. In support, the state points to R.C. 2929.20(B)(2), governing prison terms of five years or less, which permits an offender to "file the motion not earlier than one hundred eighty days *after the offender is delivered to a state correctional institution.*" (Emphasis added.) The state contends that this language requiring delivery to a state

correctional institution under subsection (B)(2) demonstrates that an offender may begin counting time served only after delivery to a state correctional institution under subsection (B)(4) as well.

{¶ 12} R.C. 2929.20(B)(4) provides that "[i]f the stated prison term is more than five years and not more than ten years, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term." We find that the plain meaning of this subsection is that an offender may file her motion for judicial release after serving five years of her stated prison term, including time served in jail for which she is granted jail-time credit. To require otherwise would be to insert the phrase "after the offender is delivered to a state correctional institution" into this subsection. Had the General Assembly intended this requirement to apply to R.C. 2929.20(B)(4), it could easily have included it as it did in R.C. 2929.20(B)(2).

{¶ 13} Accordingly, we find that Weiss timely filed her motion for judicial release, as she was given jail-time credit back to February 5, 2003, and did not file her motion until May 14, 2008. Further, our decision makes it irrelevant whether the trial court was permitted to allow Weiss to refile as of the date of the hearing.

■ {¶ 14} Next, we will consider the state's argument that the trial court could not grant Weiss's motion for judicial release because it did not list required factors on the record in accordance with R.C. 2929.20(H)(2).

{¶ 15} R.C. 2929.20(H) provides that:

(H)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:

(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

(2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section *shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.*

(Emphasis added).

{¶ 16} In *State v. Edwards,* 3d Dist. No. 9–04–67, 2005-Ohio-2246, 2005 WL 1077048, this court considered a nearly identical issue concerning a trial court's specification of findings and listing of factors under the judicial-release statute. In *Edwards,* the trial court made findings on the record that "the defendant is eligible for judicial release, and that a reduction of sentence and implementation of community control sanctions will adequately protect the public and will not demean the seriousness of the offense." The trial court proceeded to state that it based its decision to grant judicial release on the basis that the defendant had an excellent institutional report, no prior criminal history, had exhibited remorse, was 69 years old, had been a law-abiding citizen for many years, and needed to pay restitution to the victims of his offenses. Thus, the journal entry clearly addressed the recidivism factors set forth in R.C. 2929.12 and stated the required findings that granting judicial release and imposing community-control sanctions adequately punished the offender and protected the public, and would not demean the seriousness of the offense. However, the trial court failed to list all of the factors regarding the seriousness of the offense that were presented at the hearing. Accordingly, this court reversed and remanded the matter to the trial court with instructions for it to list all the factors presented at the hearing.

{¶ 17} Here, the trial court stated the required findings that granting judicial release and imposing community-control sanctions would adequately punish Weiss and protect the public, and would not demean the seriousness of her offenses; however, the trial court failed to set forth any of the recidivism factors or factors regarding the seriousness of the offense that were presented at the hearing. Although Weiss contends that the record of the hearing contains the factors in the form of her own testimony, this is insufficient because R.C. 2929.12(H)(2) requires the *trial court* to list on the record the R.C. 2929.12 factors presented at the hearing.

{¶ 18} Accordingly, we sustain the portion of the state's first assignment of error on the issue of the trial court's failure to list factors on the record, and we remand the cause to the trial court to set forth the appropriate factors. Additionally, we overrule the portion of the state's first assignment of error on the issue of the timeliness of Weiss's motion.

### Assignment of Error No. II

{¶ 19} In its second assignment of error, the state argues that Weiss misrepresented the time she spent in prison in order to make it appear that she

was eligible for judicial release and that, as such, she was not entitled to refile her motion for judicial release. We disagree that Weiss made any misrepresentation pertaining to her time served.

{¶ 20} In her motion for judicial release, Weiss wrote that she "began serving [her] sentence on the 5 [sic] day of Feb., 2003." Thus, contrary to the state's argument, Weiss did not represent that this time had been "spent in prison," but only that she began serving her sentence on that date. Further, as we determined in our analysis of the first assignment of error, R.C. 2929.20(B)(4) contains no requirement that an offender serve the entire time period in the state correctional institution. As such, Weiss was entitled to count her jail-time credit in determining her eligibility for judicial release.

{¶ 21} Accordingly, we overrule the state's second assignment of error.

{¶ 22} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in the first assignment of error pertaining to the trial court's failure to list factors on the record, but having found no error prejudicial to the appellant pertaining to the timeliness of the defendant's motion, or in the second assignment of error, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WILLAMOWSKI and SHAW, JJ., concur.