[Cite as *State v. Walker*, 2014-Ohio-4586.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                                   :

       Plaintiff-Appellant,                           :

                                              No. 14AP-181
v.                                                              :        (C.P.C. No. 11CR-01-559)

Brandon B. Walker,                                      :        (REGULAR CALENDAR)

       Defendant-Appellee.                           :

---

D E C I S I O N

Rendered on October 16, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Todd W. Barstow*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting judicial release to defendant-appellee, Brandon B. Walker. For the following reasons, we reverse that judgment and remand the matter for further proceedings.

## I. Factual and Procedural Background

{¶ 2} On January 28, 2011, a Franklin County Grand Jury indicted Walker for 28 counts of aggravated burglary, aggravated robbery, robbery, kidnapping, and felonious assault. All the counts also contained firearm specifications. The counts all arose from a home invasion committed by Walker and another man. Eventually, Walker entered a guilty plea to one count of robbery, a felony of the second degree, with a firearm

specification.   The trial court dismissed the remaining charges, accepted Walker's plea and found him guilty.  The trial court sentenced Walker to five years in prison.

{¶ 3}   On November 14, 2013, Walker filed a motion for judicial release pursuant to R.C. 2929.20.  After a brief hearing, the trial court granted Walker judicial release.

## II.  The State's Appeal

{¶ 4}   The state appeals the grant of judicial release and assigns the following errors:

> 1. The trial court erred and abused its discretion in failing to make the findings to justify the judicial release of a second-degree felon.
>
> 2. The trial court erred and abused its discretion in failing to list all of the factors presented at the hearing in deciding to grant judicial release to a second-degree felon.
>
> 3. The trial court erred and abused its discretion in granting judicial release for a second-degree felon based on an assessment that defendant's crime was "not the most serious home invasion I've ever seen * * *."
>
> 4. The trial court erred in misstating the prison sentence that can be imposed if he violates his judicial release.
>
> 5. The trial court erred in granting judicial release in the absence of record support for the necessary finding related to seriousness.

### A.  The State's First through Fourth Assignments of Error

#### 1.  The Grant of Judicial Release

{¶ 5}   We collectively address the state's first three assignments of error in which the state contends the trial court erroneously granted judicial release.  We agree.

{¶ 6}   The state, pursuant to R.C. 2953.08(B)(3), may appeal as a matter of right a decision to grant judicial release to an offender sentenced for a felony of the first or second degree, such as Walker.  The applicable standard of review is whether the record clearly and convincingly supports the trial court's findings made pursuant to R.C. 2929.20(J) or whether the decision is otherwise contrary to law.  R.C. 2953.08(G)(2). *State v. Williams*, 10th Dist. No. 10AP-55, 2010-Ohio-4519, ¶ 9, citing *State v. Costlow*, 8th Dist. No. 89501, 2008-Ohio-1097, ¶ 9-13.

{¶ 7}   R.C. 2929.20 governs judicial release.  Because Walker was sentenced for a second-degree felony, R.C. 2929.20 applies, which provides:

> (J)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
>
> (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
>
> (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
>
> (2)  A court that grants a judicial release to an eligible offender under division (J)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.

{¶ 8}   Accordingly, before a trial court may grant judicial release, the court must make the findings contained in R.C. 2929.20(J) with reference to factors in R.C. 2929.12, specify those findings on the record, and list the relevant factors presented at the hearing. *State v. Riley*, 10th Dist. No. 00AP-599 (Oct. 31, 2000).  The state argues in these three assignments of error that the trial court did not follow these statutory procedures.  We agree.

{¶ 9}   Although the trial court read and acknowledged the required statutory findings,[1] the trial court failed to actually make the findings required by R.C. 2929.20(J)(1) with reference to R.C. 2929.12 factors.  The trial court also failed to list the R.C. 2929.12 factors that were presented at the judicial release hearing as required by R.C.

---

[1] The trial court noted that "[t]hose are the two standards I've got to look at."  (Tr. 7.)

2929.20(J)(2). *See Williams* at ¶ 11, citing *State v. Weiss*, 180 Ohio App.3d 509, 2009-Ohio-78, ¶ 17 (3d Dist.). In the absence of those findings and factors, the trial court could not grant judicial release. *State v. Orms*, 10th Dist. No. 13AP-698, 2014-Ohio-2732, ¶ 11; *Riley*.

{¶ 10} Additionally, the trial court noted at the hearing that Walker's offense was "not the most serious home invasion I've ever seen." (Tr. 7.) This is not the proper standard a trial court must apply in considering judicial release. Pursuant to R.C. 2929.20(J)(1)(b), a trial court must determine whether judicial release would demean the seriousness of the offender's offense. To make this determination, the trial court must consider whether the offender's conduct in committing the offense was more or less serious than conduct normally constituting the offense. We assume this is the consideration the trial court attempted to address with its language. The trial court's conclusion that Walker did not commit the most serious home invasion does not satisfy this statutory consideration.

{¶ 11} The trial court failed to comply with the requirements of R.C. 2929.20(J) in deciding to grant Walker judicial release. Accordingly, we sustain the state's first three assignments of error.

### 2. The Trial Court's Entry Granting Judicial Release

{¶ 12} In its fourth assignment of error, the state also contends that the trial court's judgment entry granting judicial release contained a clerical error. Our disposition of the state's first three assignments of error renders this assignment of error moot. App.R. 12(A)(1)(c).

### B. The State's Fifth Assignment of Error

{¶ 13} Lastly, the state requests this court order the trial court to deny Walker's request for judicial release because the record does not support the findings that must be made for Walker to receive judicial release. We deny the state's request and remand the matter for the trial court to comply with R.C. 2929.20 in deciding whether to grant or deny Walker's motion for judicial release. *State v. Day*, 10th Dist. No. 09AP-40, 2010-Ohio-125, ¶ 14 (noting that this court consistently remands cases when judicial release granted without proper findings for trial court to comply with statutory requirements). Accordingly, we overrule the state's fifth assignment of error.

**III. Conclusion**

{¶ 14} We sustain the state's first three assignments of error and overrule its fifth assignment of error. This disposition renders the state's fourth assignment of error moot. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings that comply with R.C. 2929.20(J).

*Judgment reversed; cause remanded.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————————