[Cite as *State v. Nichter*, 2015-Ohio-3489.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-40 |
| v. | : | (C.P.C. No. 10CR12-7383) |
| Daniel J. Nichter, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 27, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Meeks and Thomas Co., L.P.A.*, *David H. Thomas* and *Kathryn S. Wallrabenstein*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting judicial release to defendant-appellee, Daniel J. Nichter. For the following reasons, we reverse that judgment and remand the matter for further proceedings.

I. Factual and Procedural Background

{¶ 2} In 2011, Nichter pled guilty to and was sentenced for three counts of second-degree felony identity fraud. In 2012, Nichter filed a motion for judicial release. The trial court denied the motion but advised him that it would reconsider judicial release after he had served one year of his sentence. *See State v. Nichter*, 10th Dist. No. 14AP-34, 2014-Ohio-4226, ¶ 3. Accordingly, Nichter filed another motion for judicial release in

2013.  This time, the trial court granted him judicial release.  The state appealed and we reversed, concluding that the trial court failed to comply with the requirements of R.C. 2929.20 in granting judicial release.  *Id.* at ¶ 12-13.  On remand, the trial court again granted judicial release.

## II.  The Appeal

{¶ 3}  The state appeals again, assigning the following errors:

> [1.] The trial court erred and abused its discretion in failing to make both of the findings needed to justify the judicial release of a second-degree felony.

> [2.] The trial court erred and abused its discretion in granting judicial release on three second-degree felonies based on an assessment that "this is not the most serious form of this offense."

> [3.] The trial court erred in granting judicial release in the absence of record support for the necessary finding related to seriousness.

### A.  The Grant of Judicial Release

{¶ 4}  We collectively address the state's first and second assignments of error in which the state contends the trial court erroneously granted judicial release.  We agree.

{¶ 5}  The state, pursuant to R.C. 2953.08(B)(3), may appeal as a matter of right a decision to grant judicial release to an offender sentenced for a felony of the first or second degree such as Nichter.  The applicable standard of review is whether the record clearly and convincingly supports the trial court's findings made pursuant to R.C. 2929.20(J) or whether the decision is otherwise contrary to law.  R.C. 2953.08(G)(2).  *State v. Williams*, 10th Dist. No. 10AP-55, 2010-Ohio-4519, ¶ 9, citing *State v. Costlow*, 8th Dist. No. 89501, 2008-Ohio-1097, ¶ 9-13.

{¶ 6}  R.C. 2929.20 governs judicial release.  Because Nichter was sentenced for a second-degree felony, R.C. 2929.20(J) applies, which provides:

> (J)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:

(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

(2) A court that grants a judicial release to an eligible offender under division (J)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.

{¶ 7} Accordingly, before a trial court may grant judicial release, the court must make the findings contained in R.C. 2929.20(J) with reference to factors in R.C. 2929.12, specify those findings on the record, and list the relevant factors presented at the hearing. *State v. Walker*, 10th Dist. No. 14AP-181, 2014-Ohio-4586, ¶ 8, citing *State v. Riley*, 10th Dist. No. 00AP-599 (Oct. 31, 2000). The state argues that the trial court did not follow these statutory procedures. We agree.

{¶ 8} At Nichter's hearing, the trial court first read verbatim the language of R.C. 2929.20(J)(1). It then noted certain applicable factors in R.C. 2929.12(E), which provides factors a trial court shall consider indicating an offender is not likely to commit future crimes. The trial court found that those factors "are relevant in determining that Mr. Nichter is eligible for judicial release in this matter." (Tr. 5.) The trial court then concluded that "consistent with 2929.20(J)(1)(a) and (b), as referenced or supported by 2929.12 Subsection (E), the court will find that Mr. Nichter's motion does have merit. It will grant the motion for judicial release." (Tr. 5.)

{¶ 9} Although the trial court read and acknowledged the required statutory findings, the trial court failed to actually make the findings required by R.C. 2929.20(J)(1). *Walker* at ¶ 9. Additionally, the trial court only considered the R.C.

2929.12(E) factors indicating that Nichter was less likely to reoffend.  It did not consider the factors in R.C. 2929.12(D), which address whether the offender was more likely to reoffend, nor did it consider the factors in R.C. 2929.12(B) and (C), which address the seriousness of the offender's conduct.  This court has previously noted that, in addition to the findings required under R.C. 2929.20(J)(1), the statute " 'obligates the trial court to justify its findings with an analysis of the relevant R.C. 2929.12 factors.' "  *State v. Orms*, 10th Dist. No. 13AP-698, 2014-Ohio-2732, ¶ 10, quoting *Williams* at ¶ 11.  Without the R.C. 2929.20(J) findings and the analysis of all the relevant R.C. 2929.12 factors, a trial court cannot grant judicial release.  *Nichter* at ¶ 12-13 (reversing judicial release because trial court failed to make R.C. 2929.20(J) findings and did not consider all the R.C. 2929.12 factors); *Orms* at ¶ 11.

{¶ 10} Additionally, the trial court noted that Nichter's conduct "is not the most serious form of this offense."  (Tr. 10.)  This is not the proper standard a trial court must apply in considering judicial release.  Pursuant to R.C. 2929.20(J)(1)(b), a trial court must determine whether judicial release would demean the seriousness of the offender's offense.  To make this determination, the trial court must consider whether the offender's conduct in committing the offense was more or less serious than conduct normally constituting the offense.  We assume this is the consideration the trial court attempted to address with its language.  The trial court's conclusion that Nichter did not commit the most serious form of identity theft does not satisfy this statutory consideration.  *See Walker* at ¶ 10.

{¶ 11} Because the trial court failed to comply with the requirements of R.C. 2929.20(J), its decision to grant judicial release is contrary to law.  Accordingly, we sustain the state's first and second assignments of error.

### B.  The State's Third Assignment of Error

{¶ 12} Lastly, the state requests this court order the trial court to deny Nichter's request for judicial release because the record does not support the findings that must be made for him to receive judicial release.  We deny the state's request and remand the matter for the trial court to comply with R.C. 2929.20 in deciding whether to grant or deny Nichter's motion for judicial release.  *Walker* at ¶ 13, citing *State v. Day*, 10th Dist. No. 09AP-40, 2010-Ohio-125, ¶ 14 (noting that this court consistently remands cases

when judicial release granted without proper findings for trial court to comply with statutory requirements). Accordingly, we overrule the state's third assignment of error.

## III. Conclusion

{¶ 13} We sustain the state's first and second assignments of error and overrule its third assignment of error. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings that comply with R.C. 2929.20(J).

*Judgment reversed;*
*cause remanded with instructions.*

BROWN, P.J., concurs.
HORTON, J., dissents.

HORTON, J., dissenting.

{¶ 14} I respectfully dissent. While the trial court's reasoning is paltry, I believe it satisfies the requirements of R.C. 2929.20 and 2929.12. I would affirm the judgment of the Franklin County Court of Common Pleas.