[Cite as *State v. Butcher*, 2017-Ohio-631.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2016-05-028 |
| | : | O P I N I O N |
| - vs - | | 2/21/2017 |
| | : | |
| JOHN BUTCHER III, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013 CR 0423

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellant

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellee

**HENDRICKSON, P.J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a decision of the Clermont County Court of Common Pleas granting judicial release to defendant-appellee, John Butcher III. For the reasons set forth below, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.

{¶ 2} On July 11, 2013, Butcher was indicted on one count of felonious assault in

violation of R.C. 2903.11(A)(2), a felony of the second degree. The charge arose out of an incident that occurred on June 26, 2013, at Butcher's parent's home in Clermont County, Ohio. Butcher, who suffers from mental health problems, took another person's prescription Klonopin and wielded a knife and axe inside the home while his mother, his daughter, and his girlfriend were present. Police officers were dispatched to the home, but prior to their arrival, Butcher cut his girlfriend's wrist with the knife. Six stitches were required to close the wound.

{¶ 3} Butcher entered a guilty plea to the charge, and a sentencing hearing was held on November 25, 2013. At this time, the trial court heard from defense counsel, the state, Butcher, and Butcher's mother. The court also had before it a presentence investigation report, a victim impact statement from Butcher's girlfriend, a statement from a deputy with the Clermont County Sheriff's Office who had responded to the home on June 26, 2013, and an assessment by a clinical psychologist finding Butcher competent to stand trial and ineligible for a not guilty by reason of insanity defense.

{¶ 4} The court considered the information it had before it regarding Butcher's bipolar diagnosis and mental health issues, the stressors Butcher had in his life at the time the offense was committed (such as his lack of job, lack of transportation, and newly acquired knowledge that his father had been diagnosed with stage IV colon cancer), his prior criminal history (which included a prior conviction for aggravated burglary wherein Butcher broke into an ex-girlfriend's home and threatened her with a knife), his relationship with the victim, and the fact that he had not responded favorably to sanctions previously imposed for prior criminal convictions. The court determined, "with regard to seriousness, * * * [i]t appears to be more serious than behaviors normally constituting offenses of this nature because of your relationship with the victim facilitating this offense." The court further determined that "recidivism appears to be likely." The court sentenced Butcher to four years in prison, which was run consecutively to a nine-month prison term imposed in another case for Butcher's

failure to comply with community control requirements.

{¶ 5} On June 5, 2014, Butcher filed a motion for judicial release. The trial court denied Butcher's motion on June 18, 2014, without a hearing. Several months later, on December 3, 2014, Butcher filed another motion for judicial release. This motion was denied by the trial court on December 31, 2014.

{¶ 6} On January 12, 2016, Butcher filed his third motion for judicial release. A hearing on his motion was held on April 19, 2016. At that time, the parties each presented evidence in support of their respective positions. This included evidence that Butcher had been incarcerated for over two years during which time the victim died from causes unrelated to the felonious assault and Butcher's mother had forgiven him for the events that transpired at her home on June 26, 2013. The court was also informed that Butcher's parents were willing to let him live in their home if he were released, that Butcher had participated in and completed a number of mental health, education, and awareness programs while incarcerated, that he had taken steps to obtain his GED, and that he was employed as a painter within the prison. The court also had before it an assessment of Butcher from Greater Cincinnati Behavior Health, which made certain mental health diagnoses and recommended various mental health treatments.

{¶ 7} After considering the foregoing evidence, the trial court granted Butcher's motion for judicial release. The court found that a sanction other than a prison term would adequately punish Butcher and protect the public from future crime as "[t]he applicable factors indicating a less – lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism." The court also acknowledged that while it had previously found Butcher's conduct "more serious" at his sentencing hearing, it now found that Butcher's release from prison and placement on community control would not demean the seriousness of the offense as "his conduct in committing the offense was less serious

than conduct normally constituting the offense outweigh[s] factors indicating that his conduct was more serious than conduct normally constituting the offense."

{¶ 8} In support of its opinion, the court noted the various mental health issues Butcher suffered, his efforts to rehabilitate himself while in prison, and his willingness to comply with the terms and conditions of community control. The court also noted that as the victim had died, Butcher "can no longer have a relationship with [her]," and that Butcher's mother had forgiven him and was giving him a second chance. The court stated that it "believed * * * that with the involvement of Greater Cincinnati Behavior Health, and intensive supervision by our probation department for a period of five years, much longer than his prison sentence would be, that that would adequately punish the offender as much as it would require him to meet with, and follow through with, and complete a program at the probation department, complete an inpatient program for the MonDay Program." The court, therefore, ordered Butcher be subject to five years of community control in an intensive treatment program supervised by the adult probation department. Butcher was also ordered to complete a six-month MonDay Treatment Program and to comply with all recommendations from Greater Cincinnati Behavior Health to address his mental health issues.

{¶ 9} The state timely appealed the trial court's decision to grant Butcher judicial release, raising two assignments of error for our review. For ease of discussion, we will address the state's second assignment of error first.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED IN GRANTING APPELLEE JUDICIAL RELEASE AS ITS FINDINGS UNDER SECTION 2929.20(J) WERE CLEARLY AND CONVINCINGLY NOT SUPPORTED BY THE RECORD.

{¶ 12} In its second assignment of error, the state argues the trial court erred by

granting Butcher judicial release as the evidence "fails to support the court's findings under section 2929.20." We disagree.

{¶ 13} R.C. 2953.08(B)(3) provides that a state may appeal, as a matter of right, a trial court's decision to grant judicial release to an offender sentenced for a felony of the first or second degree. *State v. Ledford*, 12th Dist. Clermont CA2016-04-021, 2017-Ohio-149, ¶ 11, citing *State v. Nichter*, 10th Dist. Franklin No. 15AP-40, 2015-Ohio-3489, ¶ 5. "The standard of review applied by an appellate court in reviewing a trial court's decision to grant judicial release is found in R.C. 2953.08(G)(2)." *Id.*, citing *State v. Nichter*, 10th Dist. Franklin No. 15AP-886, 2016-Ohio-7268, ¶ 15. Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence on appeal "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "This is an 'extremely deferential' standard of review for the restriction is on the appellate court, not the trial judge." *Ledford* at ¶ 11, citing *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 6.

{¶ 14} Judicial release is governed by R.C. 2929.20, which provides in relevant part the following:

> A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
>
> (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
>
> (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less

serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.20(J)(1).

{¶ 15} A trial court may consider any relevant factors necessary to achieving the purposes and principles of sentencing pursuant to R.C. 2929.12(A). "Thus, in accordance with R.C. 2953.08(G)(2), the applicable standard of review this court must apply is whether the record does not clearly and convincingly support the trial court's findings made pursuant to R.C. 2929.20(J) or whether the decision is otherwise contrary to law." *Ledford*, 2017-Ohio-149 at ¶ 13. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 16} Here, the state does not argue that the trial court's decision to grant Butcher judicial release was contrary to law. Nor does state does challenge the trial court's findings under R.C. 2929.20(J)(1)(a) as they relate to the likelihood of Butcher's recidivism. Rather, the state argues that the record does not support by clear and convincing evidence the trial court's findings made under R.C. 2929.20(J)(1)(b) as they relate to the seriousness of Butcher's conduct. Specifically, the state argues it was improper for the trial court to grant Butcher's motion for judicial release "[s]ince no new evidence was presented to show [Butcher's] conduct was less serious than conduct normally constituting the offense of felonious assault." The state contends the trial court was bound by its prior finding that the Butcher's conduct was "more serious than behaviors normally constituting offenses of this nature because of [his] relationship with the victim facilitating this offense."

{¶ 17} This court recently addressed this exact issue in *State v. Ledford*, 2017-Ohio-

149. There, the state challenged a trial court's decision to grant judicial release to an offender who had committed aggravated robbery, a felony of the first degree. *Id.* at ¶ 3. When Ledford was sentenced to a four-year prison term, the trial court found her conduct "more serious than a typical case of this nature in that [she] knew the victim." *Id.* at ¶ 4. However, in granting Ledford judicial release approximately two years later, the trial court found "Ledford's release from prison and placement on community control would not demean the seriousness of the offense because 'factors indicating [her] conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors that [her] conduct was more serious than conduct normally constituting the offense.'" *Id.* at ¶ 6.

{¶ 18} In upholding the trial court's decision to grant Ledford's motion for judicial release, we stated:

> [A] hearing on a motion for judicial release is a new hearing that requires by statute a new evaluation of the factors, regardless of the trial court's earlier findings under R.C. 2929.12(B) and (C) as to the seriousness of the offense. To hold otherwise would effectively negate any potential for judicial release in cases where an otherwise "eligible offender" was found to have committed conduct that was more serious than the conduct normally constituting the offense at a prior sentencing hearing. That is clearly not what the General Assembly intended for there would be no need for the trial court to make any findings regarding the seriousness of the offense at a subsequent judicial release hearing in accordance with R.C. 2929.20(J)(1)(b). The General Assembly could have also easily excluded persons who were found to have committed a more serious offense at sentencing from its definition of "eligible offender" who could move for judicial release if it had intended such a result. The General Assembly did not provide such a restriction, and neither shall we. *See* R.C. 2929.20(A)(1) (defining the term "eligible offender" for purposes of judicial release).

*Id.* at ¶ 16. *Accord State v. Edwards*, 3d Dist. Marion No. 9-04-67, 2005-Ohio-2246.

{¶ 19} We further noted that "due to the fundamental nature of the passage of time, it should go without saying that the seriousness factors contained in R.C. 2929.12(B) and (C) that the trial court balances at a defendant's sentencing hearing generally go unchanged

when addressing a subsequent eligible offender's motion for judicial release." *Ledford* at ¶ 17. However, "when addressing such a motion, 'the trial court [is] authorized to look beyond the seriousness factors and the recidivism factors in determining whether to exercise its discretion in favor of judicial release.'" *Id.*, quoting *State v. Grilliot*, 2d Dist. Darke No. 99CA1485, 1999 WL 812351, *3 (Sept. 24, 1999). As the Second District Court of Appeals stated in *Grillot*:

> It is clear from the record that Grilliot's having served 8 months of his 4 year sentence-and the lesson learned from that experience- is what persuaded the trial judge that Grilliot should be given judicial release. The trial court's finding pursuant to R.C. 2929.20([J])(1)(b) does not fit neatly within the confines of that subsection because that subsection requires-and is limited to-a balancing of the seriousness factors that is favorable to Grilliot. That didn't happen in this case and we are hard pressed to imagine a situation where it would. The trial court balances the seriousness factors at sentencing. Those factors, which are rooted in the facts of the case at hand, don't change over time. Thus, a balancing unfavorable to the defendant at the time of sentencing will perforce be unfavorable when judicial release is sought. Thus, judicial release would not be possible unless the trial court may consider "any other relevant factors." Where other factors are considered, however, the precise finding required by the strict wording of R.C. 2929.20 ([J])(1)(b) cannot be made. However, reading R.C. 2929.20([J])(1)(b) together with R.C. 2929.12(A), we believe the trial court's finding satisfies the spirit, if not the letter, of R.C. 2929.20([J])(1)(b). We likewise conclude that the trial court's finding is in keeping with these two subsections, which-pursuant to R.C. 2929.20([J])(1)-are to be read together.

*Grillot* at *4.

{¶ 20} Accordingly, with these principles in mind, we turn to the case at hand. After thoroughly reviewing the record, we conclude that the findings the trial court made pursuant to R.C. 2929.20(J)(1)(b) were supported by clear and convincing evidence. The record contains evidence to support the trial court's findings that Butcher was suffering from mental health problems at the time of his offense, that he continued to battle such issues, and that his mental health issues would be better treated outside the prison system. The record also

contained evidence that Butcher had taken substantial efforts to rehabilitate himself in prison, had demonstrated a willingness to comply with the terms and conditions of community control, had earned the forgiveness of his mother, who was willing to allow Butcher to live with her upon his release from prison, and could no longer engage in a relationship with the victim.

{¶ 21} Therefore, in light of the foregoing, we find no error in the trial court's decision to grant Butcher's motion for judicial release. The state's second assignment of error is overruled.

{¶ 22} Assignment of Error No. 1:

{¶ 23} THE TRIAL COURT CLEARLY AND CONVINCINGLY ERRED IN GRANTING APPELLEE JUDICIAL RELEASE AS IT FAILED TO LIST WHICH SECTION 2929.12 FACTORS IT RELIED UPON IN FINDING RECIDIVISM LESS LIKELY.

{¶ 24} In its first assignment of error, the state argues the trial court failed to comply with the requirements of R.C. 2929.20(J)(2) in granting Butcher judicial release. Although acknowledging in its appellate brief that "[t]here are three sections in the judicial release transcript where the court discusses recidivism in conjunction with the facts it considered," the state nonetheless argues that because the court "did not specify which section 2929.12 factors it considered in making its finding that [Butcher] had a lesser likelihood of recidivism, it clearly and convincingly erred in granting judicial release."

{¶ 25} R.C. 2929.20(J)(2) provides that "[a] court that grants a judicial release to an eligible offender under division (J)(1) of this section shall specify on the record both findings required in that division *and also shall list all the factors described in that division that were presented at the hearing.*" (Emphasis added.)

{¶ 26} After reviewing the record, we find that the trial court failed to comply with the requirements of R.C. 2929.20(J)(2). The court specified on the record the findings required

by R.C. 2929.20(J)(1), but it did not list all the factors described in that division that were presented by the parties. Although the record of the hearing demonstrates that evidence relating to the likelihood of recidivism was presented by the parties and considered by the court, nowhere in the transcript of the judicial release hearing or in the court's entry granting release does the court specifically list the factors that were presented, as required by R.C. 2929.20(J)(2). *See, e.g., State v. Weiss*, 180 Ohio App.3d 509, 2009-Ohio-78, ¶ 17 (3d Dist.) ("the trial court failed to set forth any of the recidivism factors or factors regarding the seriousness of the offense that were presented at the hearing. Although Weiss contends that the record of the hearing contains the factors in the form of her own testimony, this is insufficient because [R.C. 2929.20(J)(2)] requires the *trial court* to list on the record the R.C. 2929.12 factors presented at the hearing); *State v. Edwards*, 3d Dist. Marion No. 9-04-67, 2005-Ohio-2246, ¶ 5 ("[t]he trial court was required by statute to list all factors presented at the hearing").

{¶ 27} We further recognize, sua sponte, that the trial court's failure to list the factors that were presented at the hearing also encompasses those factors relating to the seriousness of Butcher's conduct. We therefore sustain the state's first assignment of error, reverse the judgment of the trial court, and remand the matter for the limited purpose of complying with R.C. 2929.20(J)(2) by listing all the factors described in division (J)(1) of the statute that were presented at the hearing related to the likelihood of recidivism and the seriousness of Butcher's conduct. *See State v. Edwards*, 3d Dist. Marion No. 9-05-28, 2006-Ohio-353.

{¶ 28} Judgment affirmed in part, reversed in part, and the matter remanded for further proceedings consistent with this opinion.

PIPER and M. POWELL, JJ., concur.