[Cite as *State v. Murray*, 2024-Ohio-1110.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,

CASE NO. 14-23-29

  v.

GLENDA MURRAY,

O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Union County Common Pleas Court
Trial Court No. 2015-CR-0217

Judgment Reversed and Cause Remanded

Date of Decision:  March 25, 2024

APPEARANCES:

    *Andrew M. Bigler* **for Appellant**

    *Samuel H. Shamansky* **and** *Katherine R. Clark* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} The State of Ohio appeals the judgment of the Union County Court of Common Pleas, alleging that the trial court erred in granting a motion for judicial release. For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} On September 1, 2016, Glenda M. Murray ("Murray") pled guilty to one count of burglary in violation of R.C. 2911.12(A)(1), a second-degree felony, and one count of attempted aggravated burglary in violation of R.C. 2911.11(A)(2) and R.C. 2923.02, a second-degree felony. After accepting these pleas, the trial court ordered Murray to serve two five-year prison terms consecutively. On June 5, 2023, Murray filed a motion for judicial release. After a hearing on July 18, 2023, the trial court granted this motion.

*Assignment of Error*

{¶3} The State of Ohio filed its notice of appeal on July 25, 2023. On appeal, it raises the following assignment of error:

> **The trial court erred when it granted appellee's motion for judicial release.**

The State argues that Murray did not carry the burden of establishing the statutory factors in R.C. 2929.20(J)(2).

*Standard of Review*

**{¶4}** "[A]n order granting judicial release is a modification of sentence." *State v. Sykes*, 2018-Ohio-4774, 124 N.E.3d 406, ¶ 16 (8th Dist.). In turn, "R.C. 2953.08 governs appeals based on the felony sentencing guidelines." *State v. Brill*, 2023-Ohio-404, 207 N.E.3d 1274, ¶ 6 (3d Dist.). R.C. 2953.08(B)(3) reads, in its relevant part, as follows:

> (B) In addition to any other right to appeal * * *, a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
>
> * * *
>
> (3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

Next, R.C. 2953.08(G)(2) sets forth the proper scope of felony sentencing review on appeal and reads, in its relevant part, as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

"Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

*Legal Standard*

{¶5} R.C. 2929.20(J) governs judicial release and reads, in its relevant part, as follows:

(J)(1) A court shall not grant a judicial release under this section to an offender who is imprisoned for a felony of the first or second degree and who is under consideration as an eligible offender * * * unless the court, *with reference to factors under section 2929.12 of the Revised Code*, finds both of the following:

(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

> (2) A court that grants a judicial release under division (J)(1) of this section to an offender who is under consideration as an eligible offender shall specify on the record both findings required in that division *and also shall list all the factors described in that division that were presented at the hearing*.

(Emphasis added.) R.C. 2929.20(J)(1), (2). "Thus, 'before a trial court may grant judicial release, the court must make the findings contained in R.C. 2929.20(J) with reference to factors in R.C. 2929.12, specify those findings on the record, and list the relevant factors presented at the hearing.'" *State v. Kennedy*, 10th Dist. Franklin Nos. 22AP-534, 22AP-536, 2023-Ohio-3078, ¶ 36,[1] quoting *State v. Nichter*, 10th Dist. Franklin No. 15AP-40, 2015-Ohio-3489, ¶ 7. *See also State v. Williams*, 8th Dist. Cuyahoga No. 109903, 2021-Ohio-1956, ¶ 11.

*Legal Analysis*

{¶6} At the hearing on the motion for judicial release, the trial court expressly made the required findings set forth in R.C. 2929.20(J)(1) and incorporated these findings into its judgment entry. However, the trial court did not list the factors that were present as required by R.C. 2929.20(J)(2). *State v. Edwards*, 3d Dist. Marion No. 9-04-67, 2005-Ohio-2246, ¶ 5; *State v. Walker*, 10th

---

[1] On January 23, 2024, the Ohio Supreme Court accepted an appeal of the decision in *State v. Kennedy*. *See Id.*, 172 Ohio St.3d 1462, 2024-Ohio-163. The issue raised in that appeal addresses judicial release eligibility pursuant to R.C. 2929.20.

Dist. Franklin No. 14AP-181, 2014-Ohio-4586, ¶ 9; *State v. Gilbert*, 12th Dist. Butler No. CA2022-02-021, 2022-Ohio-3387, ¶ 19.

{¶7} While the trial court considered some evidence that could go to the R.C. 2929.12 seriousness and recidivism factors, R.C. 2929.20(J) "requires the trial court to list on the record the R.C. 2929.12 factors presented at the hearing." *State v. Weiss*, 180 Ohio App.3d 509, 2009-Ohio-78, 905 N.E.3d 509, ¶ 17 (3d Dist.). Because R.C. 2929.12(B) and (C) permit a court to consider "any other relevant factors" in addition to the enumerated factors, it is important that the record reflect the trial court's findings.

{¶8} "In the absence of such findings, this court is unable to determine whether or not the trial court erred in granting appellee's motion for judicial release." *State v. Hunt*, 10th Dist. Franklin No. 04AP-1177, 2005-Ohio-3144, ¶ 13. *See Gilbert* at ¶ 19 (reversing a decision to grant judicial release where the trial court discussed evidence that was relevant to the 2929.12 factors but did not "specifically list all the factors that were presented, as required by R.C. 2929.20(J)(2)").

{¶9} Accordingly, we reverse this judgment and remand this case for the purpose of allowing the trial court to list the recidivism and seriousness factors that were presented at the hearing under R.C. 2929.20(J)(1) and to reissue a determination on the motion for judicial release that is in compliance with R.C.

2929.20(J)(2). *See Gilbert*, *supra*, at ¶ 20. The State's sole assignment of error is sustained.

*Conclusion*

{¶10} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Union County Court of Common Pleas is reversed. This cause of action is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**