[Cite as *State v. Gilbert*, 2021-Ohio-2810.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-11-116 |
| Appellee, | : | O P I N I O N<br>8/16/2021 |
| | : | |
| - vs - | : | |
| | : | |
| BRANDON LEVI GILBERT, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-10-1746

Michael T. Gmoser, Butler County Prosecuting Attorney, and Stephen M. Wagner, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Brandon Levi Gilbert, appeals the consecutive nature of his sentence imposed by the Butler County Court of Common Pleas.

{¶ 2} Appellant was indicted in October 2018 on two counts of kidnapping and one count each of rape, attempted rape, and felonious assault. The state alleged that in the early morning hours of September 29, 2018, appellant repeatedly struck the victim in the

side of her head, restrained her liberty, engaged in digital penetration, and attempted to engage in vaginal intercourse. As a result of the assault, the victim suffered serious injuries, including a perforated eardrum, a fractured jaw, hearing loss, and severe and lasting pain. Pursuant to plea negotiations, appellant pled guilty to gross sexual imposition ("GSI"), abduction, and felonious assault, all felony offenses.

{¶ 3} A sentencing hearing was conducted on November 4, 2020. The GSI and abduction offenses were merged as allied offenses of similar import, and the state elected to proceed on the GSI offense. The trial court was presented with the responding police officer's body camera recording which showed the victim's account of what had just occurred and appellant's subsequent interaction with police. The court was also presented with the victim's medical records containing her account of the offenses and documenting the perforated eardrum and fractured jaw she suffered during appellant's commission of the offenses. The trial court heard from the victim's parents and stepmother who recounted the victim's post-assault struggle with anxiety and mental health issues. The trial court also heard from appellant's mother who recounted appellant's history of sports-related concussions and his chronic substance abuse. The state advised the trial court that appellant was charged with OVI in August 2018 and that he had been released from jail pending trial on the OVI charge when he committed the instant offenses in September 2018. Appellant declined to exercise his right to allocution.

{¶ 4} The trial court sentenced appellant to three years in prison for the felonious assault offense and 12 months in prison for the GSI offense and ordered that the prison terms be served consecutively. During the sentencing hearing, the trial court specifically found that consecutive sentences (1) were necessary to protect the public from future crime and punish appellant, and (2) were not disproportionate to the seriousness of appellant's conduct and to the danger posed by appellant. R.C. 2929.14(C)(4). The trial court further

found that appellant committed the offenses while he was awaiting trial on the OVI charge, and that the harm caused by appellant's offenses was so great or unusual that no single prison term for any of the offenses committed as a single course of conduct adequately reflected the seriousness of appellant's conduct. R.C. 2929.14(C)(4)(a) and (b). The trial court's consecutive-sentence findings were incorporated into the sentencing entry.

{¶ 5} Appellant appeals his sentence, raising one assignment of error:

{¶ 6} THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE.

{¶ 7} Appellant argues the trial court erred in imposing a consecutive sentence, presenting two issues for review.

{¶ 8} An appellate court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2). *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Singh*, 12th Dist. Warren No. CA2020-09-056, 2021-Ohio-2158, ¶ 43.

{¶ 9} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences a defendant within the permissible statutory range. *State v. Oliver,* 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 78.

{¶ 10} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Singh*, 2021-Ohio-2158 at ¶ 45. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. *Id.* Second, the trial court

must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 11} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Singh* at ¶ 46.

{¶ 12} In his first issue for review, appellant argues that the trial court erred in finding that appellant's pending OVI charge is a consecutive-sentence factor under R.C. 2929.14(C)(4)(a). Appellant asserts that the "awaiting trial" phrase in R.C. 2929.14(C)(4)(a) is ambiguous, and subject to the rule of lenity, because the phrase may encompass civil and administrative proceedings in addition to criminal proceedings. Furthermore, it is unclear whether the "awaiting trial" phrase includes trials for traffic offenses (i.e., a traffic

trial for OVI). The state directs us to the canon of statutory construction noscitur a sociis.

{¶ 13} The rule of lenity is a principle of statutory construction codified in R.C. 2901.04(A), which provides in relevant part that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule of lenity applies where there is an ambiguity in a statute, meaning two reasonable ways of reading the statute, or a conflict between statutes. *State v. Young,* 12th Dist. Warren No. CA2014-05-074, 2015-Ohio-1347, ¶ 48; *State v. Rupp,* 12th Dist. Preble No. CA2012-11-014, 2013-Ohio-1847, ¶ 15. Absent ambiguity, the rule of lenity is not applicable to guide statutory interpretation. *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, ¶ 40. The rule comes into operation at the end of the process of construing what the legislature has expressed, not at the beginning. *Id.*

{¶ 14} The "awaiting trial" phrase in R.C. 2929.14(C)(4)(a) is not defined in the Ohio Revised Code. "In interpreting a statute, we do not look at each word in isolation but rather consider the text as a whole." *Vossman v. AirNet Sys., Inc.*, 159 Ohio St.3d 529, 2020-Ohio-872, ¶ 14. Under the canon of construction known as noscitur a sociis, "words that are listed together should be understood in the same general sense." *Id.* at ¶ 19. That is, "[t]his canon counsels that a word is given a more precise meaning by the neighboring words with which it is associated." *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, ¶ 13. *See also Bungard v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 07AP-447, 2007-Ohio-6280 (noscitur a sociis directs a court to look to accompanying words to deduce the undefined word's meaning).

{¶ 15} In construing R.C. 2929.14(C)(4)(a) under the noscitur a sociis canon, we find that the statute plainly applies to criminal matters. The statute refers to "awaiting trial or sentencing." "Sentencing" occurs only in the context of a criminal matter. In addition to the "awaiting trial or sentencing" language, R.C. 2929.14(C)(4)(a) also provides as

consecutive-sentence factors whether the offender committed the offenses while he or she "was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense." R.C. 2929.16, 2929.17, and 2929.18 govern residential, nonresidential, and financial sanctions respectively. These statutory provisions and postrelease control refer to sanctions imposed as a consequence of being convicted of a crime. Finally, R.C. 2901.02(G) defines "offenses" as including felonies and misdemeanors. Pursuant to R.C. 4511.19(G), an OVI may be a felony or misdemeanor depending upon the offender's prior OVI convictions.

{¶ 16} Whether R.C. 2929.14(C)(4)(a) may apply to noncriminal trials is not presented in this case. OVI is a criminal offense to which the statute applies. Appellant's pending OVI charge was therefore properly considered by the trial court.

{¶ 17} However, even assuming arguendo that the trial court erred in finding that appellant's pending OVI charge was a factor supporting a consecutive sentence under R.C. 2929.14(C)(4)(a), we note that the trial court made an alternative consecutive-sentence finding under R.C. 2929.14(C)(4)(b) at sentencing and in its sentencing entry. Specifically, the trial court found that the harm caused by appellant's offenses was so great or unusual that no single prison term for any of the offenses committed as a single course of conduct adequately reflected the seriousness of appellant's conduct. The trial court therefore made the required R.C. 2929.14(C)(4) consecutive-sentence findings at sentencing and in its sentencing entry.

{¶ 18} In his second issue for review, appellant argues that the record does not support the trial court's consecutive-sentence findings that (1) a single prison term would not adequately reflect the seriousness of appellant's crime, (2) a consecutive sentence was necessary to protect the public from appellant's future crime, and (3) a consecutive sentence was not disproportionate to the danger appellant posed to the public. Appellant

claims that the incident was an instance of consensual sex between two impaired individuals that went too far and that "the relative seriousness of the GSI offense is diminished by [the victim's] inability to remember it and its momentariness." Appellant further emphasizes he is 24 years old, has no criminal record, suffers from chronic substance abuse as well as a neurocognitive disorder resulting from multiple sports-related concussions, and since the incident, has successfully engaged in addressing and treating both his disorder and substance abuse. Finally, appellant asserts that any danger he would pose to the public is mitigated by his mandatory postrelease control once he is released from prison and the fact he will be required to report and register as a Tier I sex offender for 15 years.

{¶ 19} Despite appellant's arguments to the contrary, we find that the trial court's sentencing decision is fully supported by the record. During the sentencing hearing, the trial court specifically stated it had considered the information contained in the presentence-investigative report, the statements offered on behalf of appellant and the victim during the sentencing hearing, and appellant's pretrial services progress report, as well as the purposes and principles of sentencing, and the seriousness and recidivism factors.

{¶ 20} The trial court noted the seriousness of the offenses, stating it was "fortunate that [the victim] is such a scrappy person and such a fighter. That she was able to get away from Mr. Gilbert in regard to this." The trial court further stated,

> I watched the videos. I watched the police interaction when they heard her screams. I think she came up running up to the initial officer about what had happened. I watched Mr. Gilbert's reaction with the police officers, especially his initial conduct with them – his initial reaction that he was out jogging at 3:00 in the morning wearing dress shoes and jeans[.]

> And I'm sure there are two Brandon Gilberts. * * * there's the Brandon Gilbert that everyone talked about today in court, that is the kindest, gentlest, would do anything for you person that is a great friend and a great human being. But there's the second

– it's almost like the Jekyll and Hyde version. There's the second Brandon Gilbert that drinks too much, that has concussion issues, that recognizes there are issues with that drinking but continues to do that. And then put himself in that position[.]

In sentencing appellant, the trial court noted the pending OVI charge and appellant's lack of criminal record, noted appellant's lone positive substance abuse screen in August 2019, and recognized that appellant's classification as a sex offender is a punishment.

{¶ 21} The record shows that during the commission of the offenses, appellant repeatedly struck the victim, perforating her eardrum and fracturing her jaw. Thus, the offenses were serious and their circumstances aggravated. While some parts of the record tend to mitigate appellant's conduct, they do not alleviate or eliminate all concerns. Appellant's neurocognitive disorder and substance abuse problems are long-standing and contributed to his conduct. The record shows that appellant received numerous concussions as a teenager, resulting in severe migraines and memory loss, and that he started abusing drugs and alcohol while in high school, eventually recognized he had substance abuse issues, yet did not address them until after he was charged with assaulting the victim.

{¶ 22} The victim suffered serious physical injuries at the hands of appellant. During the sentencing hearing, the victim's parents and stepmother described the psychological and emotional harm suffered by the victim as a result of appellant's actions, specifically noting that the victim is traumatized, ridden by anxiety, and "almost commit[ed] suicide" a couple of times. Such psychological and emotional harm is appropriate for the trial court to consider when electing to impose consecutive sentences. *Oliver*, 2021-Ohio-2543 at ¶ 86.

{¶ 23} As stated above, appellant declined to exercise his right to allocution and with it, the opportunity to express remorse prior to his sentencing. Additionally, the record shows that appellant never accepted responsibility for his conduct, instead stating during his

presentence-investigative interview that the victim was a stranger he met on the sidewalk and that the crime never happened.

{¶ 24} In light of the foregoing, and given the circumstances of the offenses, appellant's brutality in committing the offenses, the victim's physical harm, and the psychological and emotional harm she will continue to suffer as a result of appellant's actions, we find that the imposition of a consecutive sentence is not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. We further find that the record supports the trial court's findings that a single prison term would not adequately reflect the seriousness of appellant's crime and that a consecutive sentence is necessary to protect the public from appellant's future crime. Accordingly, the trial court's decision to impose consecutive sentences is not clearly and convincingly contrary to law.

{¶ 25} Appellant's assignment of error is overruled.

{¶ 26} Judgment affirmed.

PIPER, P.J., and S. POWELL, JJ., concur.