[Cite as *State v. Gilbert*, 2022-Ohio-3387.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|                      |   |                          |
|----------------------|---|--------------------------|
| STATE OF OHIO,       | : | CASE NO. CA2022-02-021   |
| Appellant,           | : | O P I N I O N            |
|                      |   | 9/26/2022                |
|                      | : |                          |
| - vs -               |   |                          |
|                      | : |                          |
| BRANDON GILBERT,     | : |                          |
| Appellee.            | : |                          |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-10-1746

Michael T. Gmoser, Butler County Prosecuting Attorney, and Stephen M. Wagner, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher Pagan, for appellant.

**M. POWELL, P.J.**

{¶ 1} Appellant, the state of Ohio, appeals a decision of the Butler County Court of Common Pleas granting judicial release to appellee, Brandon Gilbert.

{¶ 2} Gilbert was indicted in 2018 on two counts of kidnapping and one count each of rape, attempted rape, and felonious assault. The charges stemmed from an incident that occurred in the early morning hours of September 29, 2018, during which Gilbert repeatedly struck the victim in the side of her head, restrained her liberty, engaged in digital penetration, and attempted to engage in vaginal intercourse. As a result of the assault, the

victim suffered serious injuries. Pursuant to plea negotiations, Gilbert pled guilty to one count of felonious assault, a felony of the second degree, one count of gross sexual imposition ("GSI"), and one count of abduction. In exchange for his guilty plea, all other charges were dismissed.

{¶ 3} A sentencing hearing was held on November 4, 2020. The GSI and abduction offenses were merged as allied offenses of similar import, and the state elected to proceed on the GSI offense. The trial court was presented with the responding police officer's body camera recording which showed the victim's account of what had just occurred and Gilbert's subsequent interaction with police. The court was also presented with the victim's medical records containing her account of the offenses and documenting the injuries she suffered during Gilbert's commission of the offenses. The trial court heard from the victim's parents and stepmother who recounted the victim's post-assault struggle with anxiety and mental health issues. Gilbert presented mitigating evidence that he had been compliant with pretrial supervision and GPS monitoring during the two years the case had been pending, that he was committed to Alcohol Anonymous ("AA"), and that he had maintained sobriety. Gilbert submitted two psychological reports indicating that he suffered from traumatic brain injury due to multiple sports-related concussions, and that he suffered from a mild neurocognitive disorder and alcoholism which both contributed to the offenses. The psychologists each expressed the opinion that Gilbert could succeed on probation if he maintained sobriety. Gilbert declined to exercise his right to allocution.

{¶ 4} The trial court sentenced Gilbert to three years in prison for the felonious assault offense and 12 months in prison for the GSI offense and ordered that the prison terms be served consecutively. The trial court specifically found that consecutive sentences were necessary to protect the public from future crime and punish Gilbert and were not disproportionate to the seriousness of Gilbert's conduct and to the danger he posed, and

that the harm caused by Gilbert's offenses was so great or unusual that a single term would not adequately reflect the seriousness of his conduct. We upheld Gilbert's consecutive sentences on August 16, 2021. *State v. Gilbert*, 12th Dist. Butler No. CA2020-11-116, 2021-Ohio-2810.

{¶ 5} On August 6, 2021, after serving over six months of his aggregate four-year prison term, Gilbert filed a motion for judicial release. Several months later, on February 9, 2022, the trial court held a hearing on the motion; the parties each presented evidence in support of their respective positions. This included evidence that while in prison, Gilbert had completed a carpentry apprenticeship, had maintained a job as a porter, had his security level reduced from Level 3 to Level 1, and had accrued only two prison infractions. The trial court was also informed that Gilbert participated in AA classes and never tested positive for drugs or alcohol while in prison, and that if he were released, he had several job opportunities and that he would live with his mother and stepfather. Gilbert expressed remorse for his offenses, claimed responsibility for his conduct, stated his conduct over the last few years showed his remorse, and vowed to continue with the AA program if he were released.

{¶ 6} On February 17, 2022, the trial court entered a decision granting Gilbert's motion for judicial release. The trial court found that "a sanction other than a prison term would adequately punish [Gilbert] and protect the public from future criminal violations by [Gilbert] because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism." The court further found that "a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that [Gilbert's] conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that [his] conduct was more serious than conduct normally constituting the offense."

{¶ 7} In support of its decision, the trial court stated the following: Gilbert was 21 years old at the time of the offenses; had no prior juvenile adjudication or adult criminal convictions and had lead a law-abiding life; was compliant with pretrial supervision when he was placed on electronically monitored house arrest during the 766 days between making bond and sentencing; and had obtained employment while on pretrial supervision, a job that remained available to him should he be granted judicial release. The trial court also stated that Gilbert had been incarcerated for 15 months during which time "he had no doubt gained valuable insight into his behavior," had accrued only two minor prison infractions, was classified as a Level 1 inmate, and had attended carpentry classes. The court noted Gilbert's remorse and apology for his actions and that he had taken responsibility for his actions by pleading guilty.

{¶ 8} The trial court noted that although Gilbert's alcoholism was a contributing factor to the offenses, he had taken steps to address his alcoholism prior to sentencing and during his incarceration; further, the offenses were committed under circumstances unlikely to recur. The court stated its belief that supervision by the county probation department, including one year of intensive supervision and the wearing of a SCRAM bracelet and GPS monitor, would afford more supervision than the state prison system or the Adult Parole Authority, and that the numerous comprehensive treatment options available outside the prison system would provide Gilbert "greater opportunity to ensure that a repeat of his behavior will not occur."

{¶ 9} The trial court found that the only applicable seriousness factor under R.C. 2929.12(B) was the "serious physical and psychological harm" suffered by the victim, and that "substantial grounds exist to mitigate [Gilbert's] conduct, even if they don't constitute a defense" under R.C. 2929.12(C).

{¶ 10} The trial court, therefore, ordered Gilbert be subject to five years of community

control, which included one year of intensive supervision, the wearing of a SCRAM bracelet and GPS monitor, attending Corrective Thinking Classes, and "zero tolerance." Gilbert was also ordered to complete a drug and alcohol assessment and follow all recommended treatment, and obtain and maintain full-time employment.

{¶ 11} The state now appeals, raising two assignments of error which will be addressed in reverse order.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT CLEARLY AND CONVINCINGLY ERRED IN GRANTING GILBERT JUDICIAL RELEASE WHERE IT FAILED TO LIST WHICH R.C. 2929.12 FACTORS IT RELIED UPON AS SPECIFICALLY COMMANDED BY STATUTE.

{¶ 14} The state argues that the trial court erred in granting Gilbert judicial release. Specifically, the state asserts that the trial court failed to comply with R.C. 2929.20(J)(2) in granting Gilbert judicial release because it failed to list all the R.C. 2929.12 factors that were presented at the hearing.

{¶ 15} R.C. 2953.08(B)(3) provides that a state may appeal, as a matter of right, a trial court's decision to grant judicial release to an offender sentenced for a felony of the first or second degree. *State v. Ledford*, 12th Dist. Clermont No. CA2016-04-021, 2017-Ohio-149, ¶ 11. "The standard of review applied by an appellate court in reviewing a trial court's decision to grant judicial release is found in R.C. 2953.08(G)(2)." *Id.* Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence on appeal "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 1.

{¶ 16} A hearing on a motion for judicial release is "a new hearing that requires by statute a new evaluation of the [R.C. 2929.12] factors." *Ledford* at ¶ 16. When addressing

a motion for judicial release, the trial court is authorized to look beyond the seriousness and recidivism factors in determining whether to exercise its discretion in favor of judicial release. *Id.* at ¶ 17.

{¶ 17} Judicial release is governed by R.C. 2929.20. Because Gilbert was sentenced to a second-degree felony, R.C. 2929.20(J)(1) applies and provides:

> A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
>
> (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
>
> (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

{¶ 18} R.C. 2929.20(J)(2) provides that "[a] court that grants a judicial release to an eligible offender under [R.C. 2929.20(J)(1)] shall specify on the record both findings required in that division *and also shall list all the factors described in that division that were presented at the hearing.*" (Emphasis added.)

{¶ 19} After reviewing the record, we find that the trial court failed to comply with the requirements of R.C. 2929.20(J)(2). The trial court articulated on the record the findings required by R.C. 2929.20(J)(1)(a) and (b), but it did not list all the factors described in that division that were presented at the judicial release hearing. Although the record of the hearing demonstrates that evidence relating to the likelihood of recidivism and the seriousness of Gilbert's conduct was presented by the parties and considered by the court,

nowhere in the transcript of the judicial release hearing does the trial court specifically list the factors that were presented, as required by R.C. 2929.20(J)(2). Furthermore, although the trial court's entry granting judicial release provides an analysis of the applicable R.C. 2929.12 factors regarding Gilbert's likelihood of recidivism and the seriousness of his conduct, the court did not specifically list all the factors that were presented, as required by R.C. 2929.20(J)(2). *See State v. Orms*, 10th Dist. Franklin No. 13AP-698, 2014-Ohio-2732; *State v. Edwards*, 3d Dist. Marion No. 9-04-67, 2005-Ohio-2246.

{¶ 20} We therefore sustain the state's second assignment of error, reverse the judgment of the trial court, and remand the matter to the trial court to list all the factors described in R.C. 2929.20(J)(1) that were presented at the hearing related to Gilbert's likelihood of recidivism and the seriousness of his conduct in compliance with R.C. 2929.20(J)(2) and to reissue a decision on Gilbert's motion for judicial release. We express no opinion as to whether the trial court properly granted Gilbert judicial release.

{¶ 21} Assignment of Error No. 1:

{¶ 22} THE TRIAL COURT ERRED IN GRANTING GILBERT JUDICIAL RELEASE AS ITS FINDINGS UNDER R.C. 2929.20 WERE CLEARLY AND CONVINCINGLY NOT SUPPORTED BY THE RECORD.

{¶ 23} The state argues that the trial court erred in granting Gilbert judicial release because the trial court's findings under R.C. 2929.20(J) "were clearly and convincingly not supported by the record." Our ruling on the second assignment of error renders this assignment of error moot and it need not be considered. App.R. 12(A)(1)(c).

{¶ 24} Judgment reversed and remanded for further proceedings consistent with this opinion.

PIPER and BYRNE, JJ., concur.